Appellant Conley Westmoreland was charged with driving under the influence, attempting to elude police, illegal possession of prohibited liquor, and resisting arrest. He was found guilty of these offenses, and then appealed to the circuit court for a trial de novo. The circuit court found him guilty. He was sentenced to serve a total of two years and ten days in jail and fined $1,250 and court costs. On appeal he asserts denial of the constitutional right to counsel.
At 11:30 p.m., January 28, 1986, a police officer for the city of Hartselle noticed the appellant's car being erratically driven on Highway 31. The officer had been advised by his dispatcher to be on the alert for a car described as matching appellant's. The officer attempted to stop the car, but the driver would not pull over. A highspeed chase ensued for thirty minutes, ending when the pursuer, assisted by a Morgan County deputy sheriff, forced the pursued to pull over. The officer tried to grab the appellant, who was the driver of the automobile, who thereupon placed his car in gear and jammed into the sheriff's car behind him and subsequently drove his car into a ditch. He was arrested.
 I
The appellant asserts that the circuit court erred to reversal when it did not advise him of his right to counsel or appoint counsel to represent him. There was no inquiry whether appellant was represented by counsel, whether or not he could afford to hire counsel, or whether he desired to have an attorney appointed to represent him. He was not asked if he desired to waive counsel, nor told that there was a good likelihood that he would be deprived of his freedom if convicted. The record shows no waiver by the appellant of his right to counsel; it is utterly silent as to the entire matter of counsel.
The right to counsel in criminal prosecutions is guaranteed by the Sixth Amendment of the United States Constitution. This right is applicable to state proceedings by virtue of the fourteenth amendment. Gideon v. Wainwright, 372 U.S. 335,83 S.Ct. 792, 9 L.Ed.2d 799 (1963). The United States Supreme Court has mandated that the Sixth Amendment right, set forth in the Constitution and held applicable to state prosecutions inGideon, supra, is to be applied in any trial involving a possible deprivation of liberty. Argersinger v. Hamlin,407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); 2 LaFave 
Israel Criminal Procedure, § 11.2 (1984).
As stated by the Supreme Court:
 "We hold, therefore, that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." Argersinger, 407 U.S. at 37, 92 S.Ct. at 2012.
"However, on misdemeanor charges the right to counsel is limited to cases where a defendant is actually sentenced to jail. Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158,99 S.Ct. 1158, 59 L.Ed.2d 383 (1979)." Lake v. City of Birmingham,390 So.2d 36, 38 (Ala.Cr.App. 1980); Lacey v. State, 450 So.2d 472
(Ala.Cr.App. 1984).
The state must prove that the accused has waived the right to counsel, if in fact that is contended. Brewer v. Williams,430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424, rehearing denied,431 U.S. 925, 97 S.Ct. 2200, 53 L.Ed.2d 240 (1977). A waiver of counsel can only be effectuated when the defendant asserts a "clear and unequivocal" right to self-representation. Farettav. California, 422 U.S. 806, 95 S.Ct. 2525, 43 L.Ed.2d 562
(1975); 21A Am. Jr.2d, Criminal Law, § 759, p. 198 (1981). Once the defendant has asserted the right of self-representation, the record should show that the defendant is aware of the dangers and disadvantages of trial without representation.Faretta, supra; Raulerson v. Wainwright, 732 F.2d 803, 808
(11th Cir. 1984); Hance v. Lant, 696 F.2d 940, 946 *Page 1329 
(11th Cir. 1983). The failure of the defendant to request counsel cannot be used as grounds to support a waiver.Brewer, supra; Brown v. Wainwright, 665 F.2d 607 (5th Cir. 1982). "If an accused waives his right to counsel, that waiver must be intelligently and understandingly made and cannot be presumed from a silent record. Carnley v. Cochran,369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962)." Lake v. Cityof Birmingham, 390 So.2d at 38.
In the instant case, the state has adduced no evidence of the appellant's waiver of counsel. The court stated that the appellant did not request counsel. However, standing alone, this has been held constitutionally insufficient to prove a knowing and intelligent waiver of counsel. The record is void of any advice or admonition to the appellant concerning the dangers and disadvantages of trial without counsel. From a silent record, we cannot presume a knowing and intelligent waiver of his right to counsel. We are mandated to follow the law as set forth by the United States Supreme Court. The conclusion is inescapable that this appellant's constitutional protection was denied him. We reverse and remand this case to the trial court for further proceedings not inconsistent herewith.
REVERSED AND REMANDED.
All the Judges concur.