BOWEN, Judge.
Jackie McLeod was convicted for the unlawful distribution of cocaine in violation of Ala.Code 1975, § 13A-12-211, fined $1000, and sentenced to life imprisonment as a habitual felony offender. Although McLeod raises eight issues in this appeal, one of those necessitates a remand for further action by the trial court. We pre-termit discussion of the remaining issues at this time.
I
McLeod was initially represented in this case by a court-appointed attorney, Steven Brackin. On September 30, 1988, approximately a month and a half before trial, attorney Brackin filed a motion to withdraw on the grounds that McLeod had been uncooperative and had conducted himself in a manner contrary to counsel’s advice, and his conduct had resulted in McLeod’s being held in contempt of court. Brackin’s motion was granted on October 3, 1988, and Malcolm Newman was appointed to represent McLeod.
On October 20, 1988, approximately one month prior to trial, Newman filed a mo *883 tion to withdraw as McLeod’s attorney because “the Defendant has made known to Counsel that he wishes to represent himself but would simply like Counsel to represent him.” This motion specifically requested that “the Defendant be entered as Counsel for himself” and that Newman be “appointed as assistant to the Defendant in his capacity, pro se.” Approximately two weeks prior to trial, on November 3, 1988, the trial judge entered the following order: “The motion of Malcolm R. Newman to withdraw as counsel but to assist only with Defendant acting as his own counsel pro se is granted subject to the Court’s having Defendant request same and approve on the record.” (Emphasis added.) The record before this Court contains no such request and approval by the defendant.
On November 7,1988, McLeod filed a pro se request to dismiss Newman. McLeod’s motion alleged that Newman was ineffective and requested the appointment of Attorney Lori Collier to represent him at trial. On November 16, 1988, the trial court “dismissed” this motion “except to the extent of 11/3/88 order.”
McLeod was tried for the instant offense' on November 17, 1988. He represented himself with Newman acting as standby counsel. Among other things, McLeod selected a jury, made opening and closing arguments, conducted both direct and cross-examination of witnesses, made a number of objections, convinced the trial court that the prosecutor could not use his prior convictions to impeach him on cross-examination, and gave notice of appeal. In general, McLeod conducted himself and his defense at trial in a manner exhibiting a familiarity with trial practice and procedure. After McLeod had been sentenced, he stated, “I appreciate Mr. Newman’s help in this case” and requested the appointment of another attorney on appeal.
On November 22, 1988, the trial court appointed Bobbie Crook to represent McLeod on appeal. Thereafter, McLeod filed six pro se motions for new trial. One of the issues raised in those motions was that he did not knowingly, intelligently, and voluntarily waive the assistance of trial counsel.
On November 20, 1989, McLeod filed a pro se request to dismiss Attorney Crook “especially since my family is going to retain me an attorney.” On December 4, 1989, this Court granted Attorney Crook’s motion to withdraw, which was based on McLeod’s pro se request for her dismissal. Apparently McLeod’s family did not retain appellate counsel, for he represents himself in this appeal.
Against this background, McLeod contends on appeal that he did not knowingly, intelligently, and voluntarily waive his right to counsel. His basis for this assertion is that the trial court failed to advise him of the dangers of self-representation before allowing him to proceed pro se.
In another opinion released this date, we address this same issue in a separate appeal by McLeod from other drug convictions. McLeod v. State, [Ms. 4 Div. 405, August 3, 1990] (Ala.Cr.App.1990) (hereinafter “McLeod I”). In that opinion we reaffirm our holding in Teske v. State, 507 So.2d 569 (Ala.Cr.App.1987), wherein this Court “recogniz[ed] that ‘express, on-the-record advice of the dangers and risks of self-representation is ... highly desirable,’ [Teske, 507 So.2d at 571 n. 1, but made] it clear that as long as a knowing and intelligent waiver is apparent from the record, it need not emerge from a colloquy in which the defendant is advised by the trial judge of the dangers and disadvantages of self-representation.” McLeod I, slip op. at 5, 6.
In contrast to McLeod I, where we found ample evidence in the record to support our conclusion that McLeod’s waiver of counsel was knowingly and intelligently made, the record in this case is totally devoid of any information from which we can make such a determination. Normally, this Court would reverse the conviction in such a situation. See, e.g., Westmoreland v. City of Hartselle, 500 So.2d 1327 (Ala.Cr.App.1986); Leonard v. State, 484 So.2d 1185 (Ala.Cr.App.1985). However, because the trial judge in this case was the same trial judge who presided in McLeod I and *884 because the trial judge indicated in his order of November 3, 1988, that something relative to this matter would be entered in the record, we deem it appropriate to exercise our authority under Rule 10(f), A.R. App.P., and remand this cause to the trial court for a determination of whether, in fact, this portion of the record is missing. We note that the hearing on McLeod’s motion to dismiss counsel in McLeod I was submitted as a supplement to the record on the motion of the State.
This case is therefore remanded to the circuit court with directions that a determination be made as to whether a hearing or any other proceedings were held prior to trial on the matter of McLeod’s waiver of counsel. The trial court is directed to make written findings of fact regarding the matter. In the event there was a hearing or other proceeding on this matter, the trial court shall order the record supplemented with the transcript of this hearing or proceeding. The trial court’s findings and the supplemental record, if any, shall be forwarded to this court for further review.
REMANDED WITH DIRECTIONS.
All Judges concur.
ON RETURN TO REMAND
BOWEN, Judge.
This Court remanded this cause to the trial court “with directions that a determination be made as to whether a hearing or any other proceedings were held prior to trial on the matter of McLeod’s waiver of counsel.” McLeod v. State, 574 So.2d 882, 884 (Ala.Cr.App.1990). In response, the trial court found that “there were no hearings or proceedings regarding the waiver of counsel issue other than those previously transcribed and submitted as part of the record.”
As we noted in our opinion on original submission, the usual practice is for this Court to reverse the conviction where the record does not show a knowing and intelligent waiver of counsel by the defendant. McLeod 574 So.2d at 883. See also McLeod v. State, [Ms. 4 Div. 405, August 3, 1990] (Ala.Cr.App.1990). Here, there was no waiver hearing to determine whether McLeod understood the dangers of self-representation. The record in this case does not show that the defendant himself clearly and unequivocally asserted his right of self-representation. Yet, while McLeod did represent himself at trial with some small assistance from standby counsel, the record is not clear as to exactly how his self-representation occurred, because the granting of appointed counsel’s motion to withdraw was conditioned upon McLeod’s request and approval “on the record,” and, apparently, that request was never made. However, it appears from the pretrial motions filed by McLeod and from his conduct at trial that he was familiar with courtroom procedure. In certain cases, “[t]he judge’s failure to address the accused personally may not be sufficient error to warrant reversal, particularly if the trial record demonstrates a knowing and intelligent waiver.” Project: Nineteenth Annual Review of Criminal Procedure: United States Supreme Court and Courts of Appeals 1988-89, 78 Geo.L.J. 699, 1086-87 (1990) (footnote omitted), citing, among other cases, Fitzpatrick v. Wainwright, 800 F.2d 1057, 1065-67 (11th Cir.1986).
Because of these circumstances, we consider the best course of action to remand this cause to the trial court with directions that an evidentiary hearing be held to determine whether McLeod actually waived his right to counsel and whether that waiver was knowing and intelligent. At that hearing, the burden of proof shall be on the State. In making those determinations, the trial court shall take into account the factors discussed in Fitzpatrick, 800 F.2d at 1065-67, and any other facts and circumstances that the trial court deems relevant. The defendant shall have the right to be present at that hearing and the right to be represented by counsel. The trial court shall enter a detailed written order of its conclusion and the facts on which that conclusion is based. The hearing shall be held within 45 days from the date of this opin *885 ion. A transcript of the hearing and the written order of the trial court shall be forwarded to this court with all reasonable dispatch. If the trial court finds that any waiver of counsel was not intelligent and voluntary, that court shall order a new trial.
OPINION EXTENDED; REMANDED WITH DIRECTIONS.
All Judges concur.