Jackie McLeod was convicted for the unlawful distribution of cocaine in violation of Ala. Code 1975, § 13A-12-211, fined $1000, and sentenced to life imprisonment as a habitual felony offender. Although McLeod raises eight issues in this appeal, one of those necessitates a remand for further action by the trial court. We pretermit discussion of the remaining issues at this time.
 I
McLeod was initially represented in this case by a court-appointed attorney, Steven Brackin. On September 30, 1988, approximately a month and a half before trial, attorney Brackin filed a motion to withdraw on the grounds that McLeod had been uncooperative and had conducted himself in a manner contrary to counsel's advice, and his conduct had resulted in McLeod's being held in contempt of court. Brackin's motion was granted on October 3, 1988, and Malcolm Newman was appointed to represent McLeod.
On October 20, 1988, approximately one month prior to trial, Newman filed a motion *Page 883 
to withdraw as McLeod's attorney because "the Defendant has made known to Counsel that he wishes to represent himself but would simply like Counsel to represent him." This motion specifically requested that "the Defendant be entered as Counsel for himself" and that Newman be "appointed as assistant to the Defendant in his capacity, pro se." Approximately two weeks prior to trial, on November 3, 1988, the trial judge entered the following order: "The motion of Malcolm R. Newman to withdraw as counsel but to assist only with Defendant acting as his own counsel pro se is granted subject to the Court'shaving Defendant request same and approve on the record." (Emphasis added.) The record before this Court contains no such request and approval by the defendant.
On November 7, 1988, McLeod filed a pro se request to dismiss Newman. McLeod's motion alleged that Newman was ineffective and requested the appointment of Attorney Lori Collier to represent him at trial. On November 16, 1988, the trial court "dismissed" this motion "except to the extent of 11/3/88 order."
McLeod was tried for the instant offense on November 17, 1988. He represented himself with Newman acting as standby counsel. Among other things, McLeod selected a jury, made opening and closing arguments, conducted both direct and cross-examination of witnesses, made a number of objections, convinced the trial court that the prosecutor could not use his prior convictions to impeach him on cross-examination, and gave notice of appeal. In general, McLeod conducted himself and his defense at trial in a manner exhibiting a familiarity with trial practice and procedure. After McLeod had been sentenced, he stated, "I appreciate Mr. Newman's help in this case" and requested the appointment of another attorney on appeal.
On November 22, 1988, the trial court appointed Bobbie Crook to represent McLeod on appeal. Thereafter, McLeod filed six pro se motions for new trial. One of the issues raised in those motions was that he did not knowingly, intelligently, and voluntarily waive the assistance of trial counsel.
On November 20, 1989, McLeod filed a pro se request to dismiss Attorney Crook "especially since my family is going to retain me an attorney." On December 4, 1989, this Court granted Attorney Crook's motion to withdraw, which was based on McLeod's pro se request for her dismissal. Apparently McLeod's family did not retain appellate counsel, for he represents himself in this appeal.
Against this background, McLeod contends on appeal that he did not knowingly, intelligently, and voluntarily waive his right to counsel. His basis for this assertion is that the trial court failed to advise him of the dangers of self-representation before allowing him to proceed pro se.
In another opinion released this date, we address this same issue in a separate appeal by McLeod from other drug convictions. McLeod v. State, [Ms. 4 Div. 405, August 3, 1990] (Ala.Cr.App. 1990) (hereinafter "McLeod I"). In that opinion we reaffirm our holding in Teske v.State, 507 So.2d 569 (Ala.Cr.App. 1987), wherein this Court "recogniz[ed] that 'express, on-the-record advice of the dangers and risks of self-representation is . . . highly desirable,' [Teske, 507 So.2d at 571 n. 1, but made] it clear that as long as a knowing and intelligent waiver is apparent from the record, it need not emerge from a colloquy in which the defendant is advised by the trial judge of the dangers and disadvantages of self-representation." McLeodI, slip op. at 5, 6.
In contrast to McLeod I, where we found ample evidence in the record to support our conclusion that McLeod's waiver of counsel was knowingly and intelligently made, the record in this case is totally devoid of any information from which we can make such a determination. Normally, this Court would reverse the conviction in such a situation. See,e.g., Westmoreland v. City of Hartselle, 500 So.2d 1327
(Ala.Cr.App. 1986); Leonard v. State, 484 So.2d 1185
(Ala.Cr.App. 1985). However, because the trial judge in this case was the same trial judge who presided in McLeod I
and *Page 884 
because the trial judge indicated in his order of November 3, 1988, that something relative to this matter would be entered in the record, we deem it appropriate to exercise our authority under Rule 10(f), A.R.App.P., and remand this cause to the trial court for a determination of whether, in fact, this portion of the record is missing. We note that the hearing on McLeod's motion to dismiss counsel in McLeod I was submitted as a supplement to the record on the motion of the State.
This case is therefore remanded to the circuit court with directions that a determination be made as to whether a hearing or any other proceedings were held prior to trial on the matter of McLeod's waiver of counsel. The trial court is directed to make written findings of fact regarding the matter. In the event there was a hearing or other proceeding on this matter, the trial court shall order the record supplemented with the transcript of this hearing or proceeding. The trial court's findings and the supplemental record, if any, shall be forwarded to this court for further review.
REMANDED WITH DIRECTIONS.
All Judges concur.
 ON RETURN TO REMAND