The appellant, Ronald Stanley, who was a prisoner in a state facility at the time of the offense, was convicted of arson in the first degree and destruction of State property by a prisoner. He was sentenced to ten years in prison for the arson conviction and three years in prison for the destruction of State property conviction. The sentences were to run concurrently.
At arraignment, the trial court determined that the appellant was indigent and appointed counsel to represent the appellant. Three months later, the appellant appeared for trial with another attorney, who was also appointed by the trial court. At that time, the following colloquy between the trial court and the appellant took place:
 "THE COURT: All right. This is case number CC96-501 in the matter of Ronald Stanley. Mr. Stanley is charged with Arson in the 1st Degree and Destruction of State Property. He's represent[ed] by Mr. Don Mansell, he's our public defender.
 "It's my understanding Mr. Stanley wants to fire Mr. Mansell; is that right?
"MR. STANLEY: Exactly.
 "THE COURT: Fine. You're going to represent yourself and we're going to try it. We've got three case[s] and —
 "MR. STANLEY: No, sir, I want you to appoint me another attorney.
 "THE COURT: I'm not appointing you anybody. We're going to try the case today.
 "MR. STANLEY: Well, I've got evidence, you know.
 "THE COURT: You can do whatever you want to. We're going to try the case. You get a lawyer because it's going to be tried.
 "MR. STANLEY: I want an understanding of this first, all right.
 "THE COURT: That's the understanding, that you're going to get a trial in front of a jury —
"MR. STANLEY: You — *Page 1028 
"THE COURT: I'm talking, Mr. Stanely [sic].
"MR. STANLEY: Yes, sir.
 "THE COURT: We're going to try it, but if these two people don't want a trial, if they get their case resolved we're going to try yours. Just keep him back there and you'll represent yourself then.
"MR. STANLEY: I'm going to appeal.
"THE COURT: Pardon?
"MR. STANLEY: I'm going to appeal.
 "THE COURT: You can do what you want to, but you're not going to be able to appeal until you try the case and you've been found guilty. We're going to try the case."
The appellant raises three issues on appeal. However, because we must reverse the defendant's conviction, we will address only the issue that warrants reversal. The appellant argues that he did not voluntarily, knowingly, and intelligently waive his constitutional right to the assistance of counsel.
The State quotes at length from Tomlin v. State,601 So.2d 124 (Ala. 1991) in support of its contention that the appellant voluntarily, knowingly, and intelligently waived his constitutional right to the assistance of counsel. Although the Alabama Supreme Court discusses this issue in great detail inTomlin, its discussion does not favor the State's position. Even the passages quoted by the State clearly support the appellant's argument that his waiver was not voluntarily, knowingly, or intelligently made:
 "In Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the Supreme Court held that a defendant has a Sixth Amendment right to represent himself in a criminal case. In order to conduct his own defense, the defendant must 'knowingly' and 'intelligently' waive his right to counsel, because in representing himself he is relinquishing many of the benefits associated with the right to counsel. Faretta, 422 U.S. at 835, 95 S.Ct. at 2541. The defendant 'should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that "he knows what he is doing and his choice is made with eyes open." '
 Faretta, 422 U.S. at 835, 95 S.Ct. at 2541 (other citations omitted).
 "The burden of proof in the present case is on the defendant. When a defendant has clearly chosen to relinquish his right to counsel and has asserted his right to self-representation, and on appeal asserts that he was denied the right to counsel, he has the burden of showing, ' "by a preponderance of the evidence, that he did not intelligently and understandingly waive his right to counsel." ' Teske v. State, 507 So.2d 569, 571
(Ala.Cr.App. 1987), quoting Moore v. Michigan, 355 U.S. 155, 161-62, 78 S.Ct. 191, 195, 2 L.Ed.2d 167
(1957). The Supreme Court in Carnley v. Cochran, 369 U.S. 506, 516-17, 82 S.Ct. 884, 890-91, 8 L.Ed.2d 70 (1962), held that when the record clearly shows that a defendant has expressly waived his right to counsel, the burden of proving that his waiver was not made knowingly and intelligently is on the defendant. 'A waiver of counsel can only be effectuated when the defendant asserts a "clear and unequivocal" right to self-representation.' Westmoreland v. City of Hartselle, 500 So.2d 1327, 1328 (Ala.Cr.App. 1986), citing Faretta, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562. If the record is not clear as to the defendant's waiver and request of self-representation, the burden of proof is on the State. Carnley, 369 U.S. at 517, 82 S.Ct. at 890-91. Presuming a waiver from a silent record is impermissible. Carnley.
 "Here, the record reflects that the court offered to appoint counsel for Tomlin. The case action summary sheet states that on September 10, 1987, Tomlin notified the court that he would retain his own counsel. In a letter to the court, Tomlin expressly requested that the attorney he had retained be released. Also, in the letter, Tomlin asserted his right to self-representation. On April 1, 1988, at the plea docket Tomlin again asserted the right to represent himself. Because Tomlin clearly asserted the right to self-representation and waived the right to counsel, he must prove that his waiver was not made knowingly and intelligently. *Page 1029 
 "Although the Supreme Court in Faretta states that a defendant should be made aware of the dangers and disadvantages of self-representation, the Supreme Court does not require a specific colloquy between the trial judge and the defendant. 'The case law reflects that, while a waiver hearing expressly addressing the disadvantage of a pro se defense is much to be preferred, it is not absolutely necessary. The ultimate test is not the trial court's express advice but rather the defendant's understanding.' Fitzpatrick v. Wainwright, 800 F.2d 1057 (11th Cir. 1986) (citations omitted). In each case the court needs to look to the particular facts and circumstances involved, 'including the background, experience, and conduct of the accused.' Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461
(1938).
 "This court looks to a totality of the circumstances involved in determining whether the defendant knowingly and intelligently waived his right to counsel. Jenkins v. State, 482 So.2d 1315
(Ala.Cr.App. 1985); King v. State, 55 Ala. App. 306, 314 So.2d 908 (Ala.Cr.App. 1975), cert. denied; Ex parte King, 294 Ala. 762, 314 So.2d 912 (1975)."
Tomlin, 601 So.2d at 128-29 (emphasis added).
Unlike the defendant in Tomlin, the appellant did not ask that he be allowed to represent himself. As can be seen from the colloquy between the trial court and the appellant, the appellant's "waiver" was no waiver at all. The trial court informed the appellant that the appellant would be representing himself. Even after the appellant asked for another attorney to be appointed, the trial court refused and again stated that the appellant would be representing himself.
We are not unmindful of the trial court's frustration in this matter. The appellant was attempting to have the trial court appoint yet another attorney to represent him on the eve of the trial. However, the solution was not for the trial court to summarily violate one of the appellant's basic constitutional rights. The trial court should have (1) refused to dismiss the appellant's second appointed attorney[1]; (2) appointed another attorney and continued the case; or (3) engaged in a sufficient dialogue to discover if the appellant wished to represent himself and, if so, determined if the appellant understood all the implications of this waiver.
The appellant did not make a "clear and unequivocal" waiver of his right to be represented by counsel. The trial court's judgment is reversed and this case remanded.
REVERSED AND REMANDED.
All judges concur.
[1] As the State correctly points out in its brief, the appellant has the right to be represented by counsel, but, because he is indigent, he does not have the right to choose his counsel.