Quincy Leslie was convicted of theft of property in the second degree, a violation of § 13A-8-4, Code of Alabama 1975. He was sentenced pursuant to the Habitual Felony Offender Act, § 13A-5-9, Ala. Code 1975, to six years in prison. Leslie's only contention on appeal is that he was denied his constitutional right to trial counsel. We agree, and we reverse his conviction.
At arraignment, the trial court determined that Leslie was indigent and appointed James Moffat to represent him. On June 4, 1996, Moffat filed a notice to substitute counsel, and the court appointed Jonanna Owings to represent him. On June 24, 1996, the day the case was originally set for trial, Owings made an oral motion to withdraw from the case, stating that Leslie had indicated that he was dissatisfied with her representation. The trial judge granted the motion to withdraw, ordered Leslie to represent himself or to hire an attorney, and continued the case. On January 27, 1997, Leslie appeared for trial and the following colloquy took place:
 "THE COURT: This is State of Alabama versus Quincy Leslie. Mr. Leslie has made an objection of going forward and representing himself. On June 24, 1996, the case action summary shows that the Defendant appeared in court with his attorney, the Honorable Jonanna Owings for trial. The Defendant's attorney asked for permission to withdraw as attorney for the Defendant because the Defendant was not satisfied with her representation. It was therefore ordered that Ms. Owings be allowed to withdraw. It was further order[ed] that the trial would be continued until 10/21/96 at 9:00. It was further ordered that the Defendant shall represent himself or hire an attorney.
 "The case came for trial on October 21. We did not get to it. It was continued one more time for January the 27, 1997. This Court is going to go forward. Mr. Leslie was appointed counsel. I think his initial counsel was Mr. Moffat and then Ms. Owings.
"MR. LESLIE: No, sir.
 "THE COURT: Ms. Owings was appointed to represent him and this case — well the record will speak for itself.
 "MR. LESLIE: Well, I only had one appointed attorney.
 "THE COURT: The indictment was handed down [in] March of 1996. This is going to be tried.
"MR. LESLIE: Mr. Moffatt never represented me.
 "THE COURT: Fine. Ms. Owings did and you were not satisfied with her.
 "MR. LESLIE: I had only one legal counsel appointed to me, for the record, for the record.
 "THE COURT: Sure. Okay. We're going forward with the trial."
The case then proceeded to trial, and Leslie represented himself. During voir dire, Leslie made the following statement to the venire regarding his self-representation:
 "I don't have any questions, but I would like to state for the record, that is, I am not an attorney. I choose not to represent myself but I had a conflict between the attorney and I couldn't get another attorney. That's the only reason I'm representing myself. I would like for whoever is seated on the jury to be fair and do your best to do what is right. That's all I have to say."
Leslie was found guilty of theft of property in the second degree. Immediately after the jury convicted Leslie, the trial court appointed counsel to represent Leslie at sentencing. After sentencing, the court informed Leslie of his right to appellate counsel, and after *Page 1031 
Leslie requested counsel, the court appointed new counsel to represent him on appeal.
Leslie contends that he did not voluntarily, knowingly, and intelligently waive his constitutional right to the assistance of counsel. The State acknowledges in its brief to this Court, "It does not appear Leslie waived counsel," and requests that the matter be remanded for a hearing on the reasons for appointed counsel's withdrawal and regarding Leslie's financial status. The Alabama Supreme Court has addressed the issue of the voluntary, knowing, and intelligent waiver of the right to the assistance of counsel:
 "In Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the Supreme Court held that a defendant has a Sixth Amendment right to represent himself in a criminal case. In order to conduct his own defense, the defendant must 'knowingly' and 'intelligently' waive his right to counsel, because in representing himself he is relinquishing many of the benefits associated with the right to counsel. Faretta, 422 U.S. at 835
[95 S.Ct. at 2541]. The defendant 'should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that "he knows what he is doing and his choice is made with eyes open." ' Faretta, 422 U.S. at 836 [95 S.Ct. at 2541-42] (other citations omitted).
 "The burden of proof in the present case is on the defendant. When a defendant has clearly chosen to relinquish his right to counsel and has asserted his right to self-representation, and on appeal asserts that he was denied the right to counsel, he has the burden of showing, ' "by a preponderance of the evidence, that he did not intelligently and understandingly waive his right to counsel." ' Teske v. State, 507 So.2d 569, 571
(Ala.Cr.App. 1987), quoting Moore v. Michigan, 355 U.S. 155, 161-162, 78 S.Ct. 191 [195], 2 L.Ed.2d 167 (1957). The Supreme Court in Carnley v. Cochran, 369 U.S. 506, 516-517, 82 S.Ct. 884
[890-91], 8 L.Ed.2d 70 (1962), held that when the record clearly shows that a defendant has expressly waived his right to counsel, the burden of proving that his waiver was not made knowingly and intelligently is on the defendant. 'A waiver of counsel can only be effectuated when the defendant asserts a "clear and unequivocal" right to self-representation.' Westmoreland v. City of Hartselle, 500 So.2d 1327, 1328 (Ala.Cr.App. 1986), citing Faretta, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562. If the record is not clear as to the defendant's waiver and request of self-representation, the burden of proof is on the State. Carnley, 369 U.S. at 517
[82 S.Ct. at 890-91]. Presuming a waiver from a silent record is impermissible. Carnley."
Tomlin v. State, 601 So.2d 124,128 (Ala. 1991) (emphasis original), quoted in Stanley v. State, 703 So.2d 1027, 1028
(Ala.Cr.App. 1997). In Stanley, the appellant informed the court on the day of trial that he wanted to "fire" his second court-appointed attorney. The trial court responded, "Fine. You're going to represent yourself and we're going to try it." This court noted that the colloquy between the court and Stanley made it clear that there was no waiver of counsel, because the court simply had informed the appellant that he would be representing himself, even after he requested another attorney. This court found that Stanley had not made a "clear and unequivocal" waiver of his right to be represented by counsel, and it reversed Stanley's conviction.
Based on Stanley and the cases cited therein, we must also reverse Leslie's conviction. It is equally clear that in this case Leslie made no "clear and unequivocal" waiver of his right to trial counsel. As in Stanley, the trial court here informed Leslie that he would be representing himself. Under the facts of this case, this was a denial of Leslie's constitutional right to counsel.
As we noted in Stanley, "We are not unmindful of the trial court's frustration in this matter. The appellant was attempting to have the trial court appoint yet another attorney to represent him, on the eve of the trial. However, the solution was not for the trial court to summarily violate one of the *Page 1032 
appellant's basic constitutional rights." Stanley, 703 So.2d at 1029. The trial court should have denied the attorney's motion to withdraw, appointed a new attorney, and continued the case, or it should be determined whether Leslie wished to represent himself and, if so, whether he understood the implications of self-representation.
Based on the foregoing, we are compelled to reverse the judgment and remand the cause for further proceedings.
REVERSED AND REMANDED.
All the Judges concur.
 *Page 138