The appellant, Lance Cobble, pleaded guilty to, and was convicted of, burglary in the third degree, a violation of § 13A-7-7, Ala. Code 1975. He was sentenced to 5 years' imprisonment in the state penitentiary.
The appellant's only contention on appeal is that he was denied his constitutional right to counsel. Specifically, he argues that the trial court erred in finding that he knowingly waived his right to trial counsel. We find that the appellant neither expressly nor impliedly waived his right to be represented by counsel. We must, therefore, reverse the judgment of the trial court.
The record reveals that on October 18, 1996, the appellant appeared in court, without counsel, for arraignment, and informed the trial court that he wanted to hire an attorney. The trial court continued the arraignment until November 25, 1996, on which date the appellant again appeared for arraignment and was again without counsel. The trial court held a hearing, after which the trial court, upon finding that the appellant was "partially indigent," appointed the Honorable Amy Griffith to represent the appellant. (C. 2.) The appellant's arraignment was again continued. On January 16, 1997, the appellant, represented by Griffith, appeared for arraignment and entered a plea of not guilty. Trial was scheduled to begin on May 12, 1997.
On April 25, 1997, the appellant appeared in court for a settlement docket and stated that he was dissatisfied with Griffith. Griffith requested that she be allowed to withdraw from further representation of the appellant. After questioning the appellant at length regarding his complaints about Griffith, the trial court found that the appellant's "complaints about his attorney's performance and advice [were] unfounded and that he merely [was] unwilling to accept her honest legal advice and recommendations about how he should proceed in this case." (C. 5.) The trial court, however, permitted Griffith to withdraw, finding that the appellant had deliberately created conflicts with Griffith by making unwarranted accusations, that his conduct was purposeful, and that he had effectively waived his right to trial counsel. The appellant requested that another attorney be appointed to represent him at trial. The trial court denied that request. The court further ordered that Griffith was to remain in the case as standby counsel, to assist the appellant in striking a jury and to answer any questions the appellant might have about courtroom procedures during the trial. The court stated that Griffith had no obligation to further investigate the charges against the appellant, to defend him against the charges, or to advise him concerning any substantive matters related to the charges against him. The court stated that it would reconsider its ruling if requested to do so by the appellant.
On May 12, 1997, the day of trial, the appellant appeared in court and requested a continuance so that he could retain counsel. The trial court denied the request, finding that the appellant had "given no justifiable cause or reason for his failure to retain an attorney" and finding further that he had "intentionally engaged in tactics regarding legal representation for the purpose of delaying a final disposition of this case." (C. 6.) The trial court then explained to the appellant standby counsel's role in the proceedings. Following this explanation, the appellant informed the court that he wanted to change his plea of not guilty to guilty. With Griffith acting as standby counsel, the appellant pleaded guilty to, and was convicted of, third-degree burglary.
The right to counsel, like all constitutional rights, may be waived by a defendant if the waiver is knowing, intelligent, and voluntary. See Monte v. State, *Page 541 690 So.2d 516, 516 (Ala.Cr.App. 1996); see also Rule 6.1(b), Ala.R.Crim.P.
 "In Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the Supreme Court held that a defendant has a Sixth Amendment right to represent himself in a criminal case. In order to conduct his own defense, the defendant must 'knowingly' and 'intelligently' waive his right to counsel, because in representing himself he is relinquishing many of the benefits associated with the right to counsel. Faretta, 422 U.S. at 835, 95 S.Ct. at 2541. The defendant 'should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that "he knows what he is doing and his choice is made with eyes open." ' Faretta, 422 U.S. at 836, 95 S.Ct. at 2541 (other citations omitted)."
Tomlin v. State, 601 So.2d 124, 128 (Ala. 1991). " 'The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.' Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019,1023, 82 L.Ed. 1461 (1938)." Browning v. State, 607 So.2d 339,343 (Ala.Cr.App. 1992).
 " 'A waiver of counsel can only be "effectuated when the defendant asserts a clear and unequivocal" right to self-representation.' Westmoreland v. City of Hartselle, 500 So.2d 1327, 1328 (Ala.Cr.App. 1986), citing Faretta, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562. If the record is not clear as to the defendant's waiver and request of self-representation, the burden of proof is on the State. Carnley [v. Cochran], 369 U.S. [506] at 517, 82 S.Ct. [884] at 890-91, [8 L.Ed.2d 70 (1962)]. Presuming a waiver from a silent record is impermissible. Carnley."
Tomlin, 601 So.2d at 128 (emphasis added); see also Stanley v.State, 703 So.2d 1027 (Ala.Cr.App. 1997). In determining whether a defendant knowingly and intelligently waived his right to counsel, this court must look to the "totality of the circumstances" in each particular case. Tomlin, 601 So.2d at 129.
In the instant case, the record does not show that the appellant made a "clear and unequivocal" waiver of his right to counsel. In fact, the record reveals that the trial court informed the appellant that he would be representing himself, even after the appellant asked the trial court to appoint another attorney to represent him. The appellant never expressed a desire to represent himself at trial.
" 'A valid waiver of counsel need not be express. However, courts are hesitant to validate an implied waiver. Nevertheless, a court may infer a knowing and intelligent waiver if the defendant fails to retain counsel after repeated urging by the court or discharges counsel in midtrial after explicit warnings.' " Wheeler v. State, 553 So.2d 652, 653
(Ala.Cr.App. 1989), quoting Project: Criminal Procedure, 76 Geo.L.J. 921, 928-30 (1988) (emphasis omitted). Here, however, not only was there no express waiver of the right to counsel by the appellant, but there was no implied waiver of that right. The record does not establish that the appellant was repeatedly urged by the trial court to obtain other counsel; nor does the record indicate that the appellant discharged his counsel in the middle of the proceedings after explicit warnings from the trial court.
Approximately two weeks before trial, when the appellant expressed his dissatisfaction with his trial counsel, the trial court permitted counsel to withdraw, even after finding that the appellant's complaints about his attorney were unfounded and unsubstantiated. Furthermore, on the day of trial, the trial court again informed the appellant, who had requested a continuance to retain counsel, that he would be representing himself at trial. The trial court found that the appellant had "given no justifiable cause or reason for his failure to retain an attorney in this case." (C. 6.) However, the trial court had previously found, before appointing Griffith to represent the appellant, that the appellant was "partially indigent." After the appellant pleaded guilty, the court found that the appellant was indigent and appointed appellate *Page 542 
counsel to represent him in further proceedings. This finding of indigence was based on essentially the same information the trial court had before it when determining that the appellant was "partially indigent" for trial purposes. See Warren v. Cityof Enterprise, 641 So.2d 1312, 1316 (Ala.Cr.App. 1994). Thus, because the trial court found that the appellant was indigent and because the record does not dispute that finding, it was unrealistic for the trial court to believe that the appellant could have retained trial counsel.
Although we do not necessarily disagree with the trial court's findings that the appellant was engaging in dilatory tactics by making unwarranted accusations against his trial counsel, we cannot uphold the trial court's peremptory ruling that the appellant, as a result of these actions, knowingly waived his right to trial counsel. In Leslie v. State,703 So.2d 1029 (Ala.Cr.App. 1997); Stanley, supra, 703 So.2d at 1028; and Watkins v. State, 708 So.2d 236 (Ala.Cr.App. 1997), three cases recently decided by this court which were factually similar to the instant case, we held that the trial court, instead of requiring the defendant to represent himself at trial, should have done one of the following: (1) denied the attorney's motion to withdraw; (2) appointed a new attorney to represent the defendant at trial; (3) granted the defendant's request for a continuance to allow him to retain counsel; or (4) determined whether the defendant wanted to represent himself and, if so, engaged the defendant in a colloquy to determine whether he understood all of the implications involved in self-representation. Any of the above actions would have been appropriate here; requiring the appellant to represent himself was not.
 " 'The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused — whose life or liberty is at stake — is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record.' "
Teske v. State, 507 So.2d 569, 570 (Ala.Cr.App. 1987), quotingJohnson v. Zerbst, 304 U.S. 458, 464-65, 58 S.Ct. 1019, 1023,82 L.Ed. 1461 (1938) (emphasis added in Teske).
By this opinion, we do not want to tie the hands of trial judges dealing with defendants who are attempting to delay a disposition of their cases; nor do we intend to imply that a trial court must appoint new counsel every time a defendant expresses dissatisfaction with his representation.
 " '[T]he right to assistance of counsel does not imply the absolute right to counsel of one's choice. A defendant's right to obtain counsel of his choice must be balanced against the need for the efficient and effective administration of criminal justice.' "
Wheeler, 553 So.2d at 653, quoting United States v. Weninger,624 F.2d 163, 166 (10th Cir.), cert. denied, 449 U.S. 1012,101 S.Ct. 568, 66 L.Ed.2d 470 (1980).
However, under the facts of this case, we must conclude that the trial court erred in finding that the appellant knowingly waived his right to trial counsel. Because the appellant was denied his constitutional right to counsel, the judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur. *Page 891