The appellant, Willie Edward Williams, was convicted of one count of first-degree burglary, a violation of §13A-7-5(a)(1), Ala. Code 1975, with regard to Count 1 of the indictment; nine counts of third-degree burglary, violations of § 13A-7-7, Ala. Code 1975, with regard to Counts 2-10 of the indictment; five counts of first-degree theft of property, violations of § 13A-8-3(a), Ala. Code 1975, with regard to Counts 11, 12, 14, 15, and 16 of the indictment; three counts of second-degree theft of property, violations of § 13A-8-4(a), Ala. Code 1975, with regard to Counts 13, 17, and 18 of the indictment; and one count of third-degree theft of property, a violation of § 13A-8-5, Ala. Code 1975, with regard to Count 19 of the indictment. The trial court sentenced him, as a habitual offender, to serve terms of life in prison on Counts 1, 2, 4, 5, 6, 7, 11, 12, 14, 15, 16, and 17 of the indictment and terms of twenty years in prison on Counts 3, 8, 9, 10, 13, and 18 of the indictment. See § 13A-5-9, Ala. Code 1975. It also sentenced him to serve a term of one year in the county jail on Count 19 of the indictment. The appellant filed a motion for a new trial, which was denied by operation of law.See Rule 24.4, Ala. R.Crim. P. This appeal followed.
The appellant argues that the trial court erroneously forced him to represent himself at trial. Before the trial started, the trial court conducted a hearing on the appellant's pretrial motions. After a recess in the proceedings and before the voir dire proceedings started, the following occurred:
 "THE COURT: All right. Let the record show Mr. Williams is back in court now with his lawyer. The [district attorney's] office is represented by Mr. Foreman and Mr. Dean. The lawyers *Page 912 
have reviewed the questionnaires. We're ready to bring the venire up.
 "I understand there's a motion to be made by the defense counsel. Is there a motion to be made by the defense counsel?
 "[DEFENSE COUNSEL]: Your Honor, just on the record, the defendant has fired me as his counsel. So at this time I'd make a motion to withdraw as counsel.
 "THE COURT: All right. Well, the defendant is free to represent himself.
 "Do you understand court is convened to try your case? Everybody is in place. All the witnesses are here. The venire is downstairs. You understand that you are free to represent yourself if would like? Do you understand that?
 "THE DEFENDANT: Your Honor, this man — I got paperwork, facts here. This guy [sat] here and lied in front of your face about the evidence; about the handwriting.
 "THE COURT: Are you —
 "THE DEFENDANT: I need to hire me a new lawyer.
 "THE COURT: No, I'm not — The Court is not going to continue the case. Now, are you ready to proceed to represent yourself?
 "THE DEFENDANT: No, I'm not.
 "THE COURT: Well, you're going to have to.
 "THE DEFENDANT: I need a new lawyer.
 "THE COURT: Well, that's — you had time to hire him before now. And the Court is going to proceed. You're free to represent yourself. You can handle it any way you want to. The Court is going to —
 "Any other basis for withdrawal?
 "[DEFENSE COUNSEL]: No, Your Honor.
 "THE COURT: Okay. The Court denies the motion for the — that we continue morning. . . .
 ". . . .
 "THE COURT: Now, the Court will grant your motion to withdraw. Defendant will represent himself. And we'll bring the venire up.
 "[DEFENSE COUNSEL]: May I be excused, Your Honor?
 "THE COURT: You're excused.
 "Bring the venire up.
 "Mr. Williams, get in position. Move your chair around here so you can face the venire. Get ready to strike the jury. And we'll go to trial.
 "All right. We have —
 "Bring the chair around.
 "Let the record show the Court will give him a legal pad and pencil. He will be monitored by the deputy. And after that, Mr. Williams will have to comply with all rules and court procedure.
 "THE DEFENDANT: Can I have a paper that's telling me the rules and court procedures?
 "THE COURT: No, no, no. There's no paper that tells you the rules. Okay? Now, have a seat.
 "Everybody get in place. We'll bring the venire up. Okay?
 "Clean legal pad; clean pencil, let the record show that the Court has made available to Mr. Williams.
 "Now, go ahead."
(R. 46-50.) At that time, the trial commenced with the appellant representing himself.
 "In Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the Supreme Court held that a defendant has a Sixth Amendment right to represent himself in a criminal case. In order to conduct his own defense, the *Page 913 
defendant must `knowingly' and `intelligently' waive his right to counsel, because in representing himself he is relinquishing many of the benefits associated with the right to counsel. Faretta, 422 U.S. at 835, 95 S.Ct. at 2541. The defendant `should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that "he knows what he is doing and his choice is made with eyes open."' Faretta, 422 U.S. at 836, 95 S.Ct. at 2541 (other citations omitted)."
Tomlin v. State, 601 So.2d 124, 128 (Ala. 1991). Rule 6.1(b), Ala. R.Crim. P., states, in part: "If a nonindigent defendant appears without counsel at any proceeding after having been given a reasonable time to retain counsel, the cause shall proceed." However, the previous paragraph of Rule 6.1(b), Ala. R.Crim. P., which does not distinguish between indigent and nonindigent defendants, provides, in pertinent part:
 "A defendant may waive his or her right to counsel in writing or on the record, after the court has ascertained that the defendant knowingly, intelligently, and voluntarily desires to forgo that right. At the time of accepting a defendant's waiver of the right to counsel, the court shall inform the defendant that the waiver may be withdrawn and counsel appointed or retained at any stage of the proceedings."
(Emphasis added.) Finally, the Committee Comments to Rule 6.1 state: "The court is required to inform the defendant that the waiver may be withdrawn since under section (c) the defendant has the burden of requesting counsel if he later decides to withdraw the waiver."
Even if we were to hold that the appellant impliedly waived his right to counsel when he fired his attorney during a recess in the proceedings, the record in this case does not indicate that the trial court ever advised the appellant about the dangers and disadvantages of self-representation and that he had the right to withdraw any waiver of the right to counsel at any time during the proceedings. See Leonard v. State,484 So.2d 1185 (Ala.Crim.App. 1985). Accordingly, we must reverse the trial court's judgment and remand this case for a new trial.[1] See Farid v. State, 720 So.2d 998
(Ala.Crim.App. 1998); Hairgrove v. State, 680 So.2d 946
(Ala.Crim.App. 1995). On remand, should the appellant, whether indigent or nonindigent, waive his right to be represented by counsel, the trial court shall comply with the requirements ofFaretta and Rule 6.1(b), Ala. R.Crim. P.
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB and WISE, JJ., concur; SHAW, J., concurs in the result.
[1] Because we must reverse the appellant's convictions on this ground, we need not address the remaining issues he raises on appeal.