WELCH, Judge.
 

 Deangelo Thomas was convicted of two counts of robbery in the first degree, a violation of § 13A-8-41, Ala.Code 1975, and one count of criminal use of a defense spray, a violation of § 13A-6-27, Ala.Code 1975. The trial court sentenced Thomas to two terms of life in prison without the possibility of parole for his robbery convictions and one term of life imprisonment for his conviction for criminal use of a defense spray. The terms are to run consecutively.
 

 
 *1019
 
 Thomas contends that he did not knowingly, intelligently and voluntarily waive his right to counsel, and that the trial court should not have let him represent himself without first warning him of the dangers of self-representation, as required by
 
 Faretta v. California,
 
 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). In response, the State contends that Thomas did not preserve the issue for appellate review.
 

 The State’s position is without merit. Deprivation of the right to counsel is a jurisdictional bar to a valid prosecution and, thus, it can be raised at any time. See
 
 Woodruff v. City of Pelham,
 
 1 So.3d 157, 159 (Ala.Crim.App.2008) (and cases cited therein).
 

 In
 
 Baker v. State,
 
 933 So.2d 406, 408-09 (Ala.Crim.App.2005), this Court discussed the jurisdictional prerequisite as it relates to the issue of right to counsel as follows:
 

 “ ‘A defendant’s decision to represent himself necessarily involves the waiver of his right to counsel. See
 
 Fitzpatrick v. Wainwright,
 
 800 F.2d 1057, 1064 (1986). In
 
 Pratt v. State,
 
 851 So.2d 142, 144-45 (Ala.Crim.App.2002), this Court pointed out:
 

 “ ‘ “ ‘The constitutional “right to counsel, or waiver thereof, is an essential jurisdictional prerequisite to the authority to convict an accused!, and cjonviction without this safeguard is void.”
 
 People v. Carroll,
 
 140 Cal.App.3d 135, 140, 189 Cal.Rptr. 327, 331 (Cal.App. 2 Dist.), cert. denied, 464 U.S. 820, 104 S.Ct. 83, 78 L.Ed.2d 93 (1983) (citing
 
 Johnson v. Zerbst
 
 [,304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) ]). Unless a defendant has or waives assistance of counsel, the Sixth Amendment is a jurisdictional bar to a valid conviction and sentence.
 
 Johnson v. Zerbst; Stokes v. Singletary,
 
 952 F.2d 1567 (11th Cir. 1992);
 
 Boruff v. United States,
 
 310 F.2d 918 (5th Cir.1962). See also
 
 Lancaster v. State,
 
 [638 So.2d 1370, 1373] (Ala.Crim.App.1993) (“the appellant’s ... right to have counsel appointed on appeal [is a] jurisdictional matter[ ]”);
 
 Lake v. City of Birmingham,
 
 390 So.2d 36, 38 (Ala.Crim.App.1980) (a record failing to reveal any of the circumstances surrounding the appellant’s self-representation “will not support the trial court’s judgment wherein the appellant was sentenced to a loss of liberty”).’
 

 “‘“Berry v. State,
 
 630 So.2d 127, 130 (Ala.Crim.App.1993) (footnote omitted). See also
 
 Custis v. United States,
 
 511 U.S. 485, 494, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994) (‘ “If the accused ... is not represented by counsel and has not competently and intelligently waived his constitutional right, the Sixth Amendment stands as a jurisdictional bar to a valid conviction and sentence depriving him of his life or his liberty-The judgment of conviction pronounced by a court without jurisdiction is void, and one imprisoned thereunder may obtain release by habeas corpus.” ’) (quoting
 
 Johnson v. Zerbst,
 
 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938));
 
 Weakley v. State,
 
 721 So.2d 235, 236 (Ala.1998) (holding that the right to counsel at arraignment is a jurisdictional matter).”
 

 “ ‘Thus it is the lack of counsel, coupled with the absence of a knowing and intelligent waiver thereof, that acts to deny the defendant counsel and to juris-dictionally bar his prosecution.’ ”
 

 The record in this case shows the following. After being told by Robert Sanford, Thomas’s appointed counsel, that Thomas intended to represent himself, the following conversation took place:
 

 
 *1020
 
 “THE COURT: Is that correct, Mr. Thomas, that you want to represent yourself?
 

 “DEFENDANT THOMAS: Yes, sir.
 

 “THE COURT: And the other statements about the settlement offers that have been rejected, is that also correct?
 

 “DEFENDANT THOMAS: Yes, sir.
 

 “THE COURT: Let me say this: If you are going to represent yourself — and I will allow you to do that — I am going to order that Mr. Sanford sit at the table. He won’t be trying the case. But there may be something that comes up during the case where you need to ask a procedure question, and he would be there to answer that question for you if you needed advice.
 

 “I say that for this reason. During the course of a trial, there are certain procedural rules that all of the lawyers have to follow when they try a case. And you would still be bound by those rules.
 

 “DEFENDANT THOMAS: I would like to speak something for the record too.
 

 “THE COURT: Let me finish though, and then I will let you do that.
 

 “In following those rules, if you go outside the rules and there is an objection, then I would have to stop you from whatever you were doing. And I don’t know what that might be.
 

 “When we start a case, we bring a bunch of jurors up here. And then the lawyers typically will ask the jury questions before the actual jurors that are seated in this box are selected. That is to help you with the strikes. You would excuse so many people to leave a panel in the box.
 

 “Now, many times when I have a defendant that represents himself, they sometimes want the lawyer to ask the jurors the questions, but then they make the decision about who gets struck and who stays. Do you see what I am saying? And that is another reason he is staying here.
 

 “But you don’t have to let him ask those questions. You can ask the questions that touch on their qualifications to serve and touch on whether they might be prejudiced against you based on their life experiences.
 

 “All of this is geared to try to get a jury that is going to be fair to you and fair to the State. We don’t want anybody coming in here that is ready to convict you just because you are here. And we don’t want somebody that will just discount what the State says totally just because they are the prosecution.
 

 “We want somebody that will listen to both sides and then make a fair decision. That is what all of this is geared toward. “So he will be in the courtroom if you have a question for him. That doesn’t mean you have to ask him anything. But if you have a question, he is there. “Now, if there is an objection, if the State objects to something, then if you are asking questions, you should stop for a minute and let me rule on that objection. That is part of the normal procedure.
 

 “And I mentioned to you yesterday when we were deciding if you were going to trial or not, since you are representing yourself, I know you can’t afford to cause any real disruptions in the courtroom that would hurt your case. “If you are hoping to try the case and keep the jury as fair minded as possible, you wouldn’t want to disrupt the proceedings. You want them to hear what you have to say and what the State has to say and cross-examination that you are allowed to conduct with any witness that they produce.
 

 “I do want to say — and this applies to any lawyer, not just you handling your case — if there is a disruption in the
 
 *1021
 
 courtroom, then I am going to have you removed from the courtroom and then Bob Sanford will try the rest of the case. Do you know what I mean?
 

 “If I give you an instruction not to do something and you do it anyway, then you may forfeit — and I make the decision at the time; I am not making it right now — you might forfeit your right to stay in the courtroom, depending on what it is.
 

 “So I hope that you will conduct yourself professionally and in an orderly manner in order to convey to the jury the best possible scenario of the fact that you feel like you are not guilty of these charges. “Now, you said you had something you wanted to say. You can stay right there.
 

 “DEFENDANT THOMAS: Yeah. I want this on the record.
 

 “THE COURT: Yes. She can hear you. “DEFENDANT THOMAS: On 09/24/07 before Judge Alfred Bahakel, I, the defendant, Deangelo Thomas, did dismiss my attorney, Robert Sanford, from representing me, the defendant, in this case for the purpose of neglected, ineffective and lack of care in this serious trial procedure.
 

 “I, defendant, Deangelo Thomas, do make this open court motion to continue this procedure on the grounds that I am not a lawyer to represent myself in this serious matter.
 

 “I thank you for allowing me to stand before this Honorable Court. That is what I want on the record.”
 

 (R. 14-15.) The trial court then denied Thomas’s motion to continue.
 

 We recognize that Thomas first answered affirmatively when asked by the trial court whether he wanted to represent himself. However, although his statement for the record was not the most eloquent or artfully crafted, it appears that Thomas was requesting a continuance so that another attorney could represent him in the trial of this case because he was dissatisfied with Sanford. Because of the apparent conflict in Thomas’s statement, the onus was on the trial court to ensure that Thomas’s waiver of counsel was knowingly and intelligently made.
 

 “ ‘ “The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused— whose life or liberty is at stake — is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record.”
 

 “
 
 ‘Johnson v. Zerbst,
 
 304 U.S. 458, 465, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).’”
 

 Baker v. State,
 
 933 So.2d 406, 409 (Ala.Crim.App.2005).
 

 “Rule 6.1(b), Ala. R.Crim. P., provides a framework to ensure that a defendant’s waiver of counsel is knowing and intelligent. The rule provides in pertinent part as follows:
 

 “ ‘A defendant may waive his or her right to counsel in writing or on the record, after the court has ascertained that the defendant knowingly, intelligently, and voluntarily desires to forgo that right. At the time of accepting a defendant’s waiver of the right to counsel, the court shall inform the defendant that the waiver may be withdrawn and counsel appointed or retained at any stage of the proceedings .... ’
 

 “In addition to Rule 6.1, Alabama caselaw has discussed the duties of the
 
 *1022
 
 trial court throughout criminal proceedings to ensure that a defendant fully understands his right to counsel and the consequences of waiving that right.
 

 “ ‘ “In
 
 Faretta v. California,
 
 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the Supreme Court held that a defendant has a Sixth Amendment right to represent himself in a criminal case. In order to conduct his own defense, the defendant must ‘knowingly’ and ‘intelligently’ waive his right to counsel, because in representing himself he is relinquishing many of the benefits associated with the right to counsel.
 
 Faretta,
 
 422 U.S. at 835. The defendant ‘should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that “he knows what he is doing and his choice is made with eyes open.” ’
 
 Faretta,
 
 422 U.S. at 835 (other citations omitted).” ’
 

 “Baker v. State,
 
 933 So.2d 406, 408-411 (Ala.Crim.App.2005).”
 

 Woodruff,
 
 1 So.3d at 160.
 

 This case is factually similar to
 
 Cobble v. State,
 
 710 So.2d 539 (Ala.Crim.App.1998), in which the defendant expressed dissatisfaction with his appointed counsel and fired her just before trial. The trial court permitted counsel to withdraw, even after finding that Cobble’s complaints about his attorney were unfounded and unsubstantiated. However, the trial court also ordered appointed counsel to be in the courtroom to assist Cobble if needed during the trial of his case. The day of trial, Cobble requested a continuance to obtain counsel to represent him at trial, but the trial court determined that Cobble had waived his right to counsel and required him to represent himself at trial. This Court reversed the trial court’s order, holding as follows:
 

 “ ‘ “A waiver of counsel can only be ‘effectuated when the defendant asserts a clear and unequivocal’ right to self-representation.”
 
 Westmoreland v. City of Hartselle,
 
 500 So.2d 1327, 1328 (Ala.Crim.App.1986), citing
 
 Faretta,
 
 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562.
 
 If the record is not clear as to the defendant’s waiver and request of self-representation, the burden of proof is on the State. Carnley [v. Cochran
 
 ], 369 U.S. [506] at 517, 82 S.Ct. [884] at 890-91, [8 L.Ed.2d 70 (1962) ]. Presuming a waiver from a silent record is impermissible.
 
 Carnley.’
 

 “Tomlin [v. State],
 
 601 So.2d [124] at 128 [ (Ala.1991) ] (emphasis added); see also
 
 Stanley v. State,
 
 703 So.2d 1027 (Ala.Crim.App.1997). In determining whether a defendant knowingly and intelligently waived his right to counsel, this court must look to the ‘totality of the circumstances’ in each particular case.
 
 Tomlin,
 
 601 So.2d at 129.
 

 “In the instant case, the record does not show that the appellant made a ‘clear and unequivocal’ waiver of his right to counsel. In fact, the record reveals that the trial court informed the .appellant that he would be representing himself, even after the appellant asked the trial court to appoint another attorney to represent him. The appellant never expressed a desire to represent himself at trial.
 

 [[Image here]]
 

 “Although we do not necessarily disagree with the trial court’s findings that the appellant was engaging in dilatory tactics by making unwarranted accusations against his trial counsel, we cannot uphold the trial court’s peremptory ruling that the appellant, as a result of these actions, knowingly waived his right to trial counsel. In
 
 Leslie v. State,
 
 703 So.2d 1029 (Ala.Crim.App.1997);
 
 Stanley,
 
 supra, 703 So.2d at 1028; and
 
 Watkins v. State,
 
 708 So.2d 236 (Ala.
 
 *1023
 
 Crim.App.1997), three cases recently decided by this court which were factually similar to the instant case, we held that the trial court, instead of requiring the defendant to represent himself at trial, should have done one of the following: (1) denied the attorney’s motion to withdraw; (2) appointed a new attorney to represent the defendant at trial; (3) granted the defendant’s request for a continuance to allow him to retain counsel; or (4) determined whether the defendant wanted to represent himself and, if so, engaged the defendant in a colloquy to determine whether he understood all of the implications involved in self-representation. Any of the above actions would have been appropriate here; requiring the appellant to represent himself was not.”
 

 Cobble v. State,
 
 710 So.2d 539, 541-42 (Ala.Crim.App.1998).
 

 Likewise, in this case the record does not show that Thomas made a clear and unequivocal waiver of his right to counsel. There is no evidence in the record indicating that the trial court attempted to clarify Thomas’s conflicting statements that he intended to represent himself but then he requested a continuance because he was not a lawyer and appeared to want an attorney to represent him in the trial of this case. The record does not affirmatively indicate that Thomas made a knowing, intelligent waiver of his right to counsel.
 

 Even if we were to find that the record in this case supported a finding that Thomas knowingly and intelligently waived his right to counsel, the record does not indicate that the trial court properly advised him of the dangers and disadvantages of self-representation, and it did not advise him that he could revoke his waiver at any time during the proceedings. See
 
 Williams v. State,
 
 958 So.2d 911, 913 (Ala. Crim.App.2006), and
 
 Leonard v. State,
 
 484 So.2d 1185 (Ala.Crim.App.1985).
 

 An argument might be made that the trial court’s admonitions to Thomas that he abide by the trial court’s rulings on objections and that he conduct himself in a professional manner or he would face possible expulsion from the courtroom were attempts to apprise Thomas of the dangers and disadvantages of self-representation. However, in viewing the totality of the circumstances concerning the trial court’s determination that Thomas would represent himself, we find that the trial court’s statement to Thomas was more in the nature of how the trial court expected him to comport himself rather than an effort to apprise him of the dangers and disadvantages of self-representation. Similarly, the trial court failed to advise Thomas that he could revoke his waiver of counsel at any time.
 

 For the reasons set forth above, we must reverse the trial court’s judgment and remand this case for a new trial. See
 
 Farid v. State,
 
 720 So.2d 998 (Ala.Crim.App.1998);
 
 Hairgrove v. State,
 
 680 So.2d 946 (Ala.Crim.App.1995);
 
 Williams,
 
 supra; and
 
 Cobble,
 
 supra.
 

 REVERSED AND REMANDED.
 

 BASCHAB, P.J., and McMILLAN and WISE, JJ., concur. SHAW, J., concurs in the result.