This is an appeal from the denial of a petition for writ of error coram nobis.
The following facts are without dispute:
 May 22, 1980 At the conclusion of his trial for forgery, Zeigler gave oral notice of appeal. Although indigent, Zeigler waived his right to appointed counsel and elected to represent himself.
 August 18, 1980 Record on appeal filed in the Court of Criminal Appeals.
 September 23, 1980 Zeigler, confined in a state penitentiary, received a copy of the record. The reason for this delay is unknown.
 September 26, 1980 The appeal is submitted to the Court of Criminal Appeals for decision on the brief of the Appellee and on the merits.
 October 10, 1980 Zeigler's motion for an extension of time to file a pro se brief was denied. *Page 543 
 April 21, 1981 Zeigler's conviction was affirmed without opinion.
 April 24, 1981 Zeigler's pro se application was returned for non-compliance with A.R.A.P. 40.
The Attorney General admits and the facts reflect that "the delay in receiving the record was through no fault of Zeigler's."
We recognize that a defendant who chooses to represent himself deserves no special treatment on appeal. United Statesv. Chaney, 662 F.2d 1148 (5th Cir. 1981), and that the right of self-representation does not exempt a party from compliance with the relevant rules of procedural and substantive law. Birlv. Estelle, 660 F.2d 592 (5th Cir. 1981). Here, Zeigler's failure to file a timely brief was due neither to his ignorance nor negligence. Here, the untimely delivery of the appellate record effectively denied Zeigler his right to appeal his conviction.
Recognizing the recent holding of the federal court in Mylarv. Alabama, 671 F.2d 1299 (11th Cir. 1982), the Attorney General suggests that the proper remedy for the denial of an effective appeal is the granting of an appeal rather than a new trial. We agree. Longmire v. State, (Ms. 81-309, December 10, 1982) (Ala. 1982). See also Thomas v. State, 373 So.2d 1264
(Ala.Cr.App. 1979).
The record on the appeal of Zeigler's forgery conviction was introduced into evidence in the coram nobis hearing as State's Exhibit 1. In accordance with our finding that Zeigler was denied an appeal of his conviction through no fault of his own, we grant Zeigler an appellate review of that conviction. The judgment of the circuit court denying the petition for writ of error coram nobis is reversed. The order of this Court dated April 21, 1981, affirming Zeigler's conviction is hereby set aside. The rules are suspended and the appeal is reinstated. Zeigler's appointed counsel is given twenty-eight days after the date of this order to file his brief. The Attorney General shall file his brief within twenty-one days after service of Zeigler's brief.
REVERSED AND APPEAL REINSTATED.
All Judges concur.