The appellant was indicted by a Morgan County grand jury for assault in the second degree, in violation of § 13A-6-21, Codeof Alabama (1975). The appellant, who conducted his own defense, was convicted in a jury trial of the offense charged, and was sentenced under the Split Sentence Act to a term of 41 years' imprisonment, with one year to be spent in the state penitentiary, and the remainder of his sentence to be suspended. He raises 2 issues in this appeal of his conviction.
 I.
The appellant first argues that the record fails to show that he knowingly and intelligently waived his right to counsel. He therefore contends that the trial court erred by allowing him to act pro se in the trial of his case.
The record shows that, on March 27, 1987, the appellant, without counsel, appeared in open court for his arraignment. At this time, the trial court denied appellant's request for appointment of counsel, but continued this case to permit him to retain an attorney. In May 1987, appellant appeared at his arraignment with retained counsel, waived the reading of the indictment, and entered a plea of not guilty. However, shortly thereafter, the appellant's attorney filed a motion to withdraw from this case, citing, as grounds, a breach of their employment contract by the appellant. The court thereupon granted counsel's motion.
On March 22, 1988, the court notified the appellant by letter that his trial had been set for May 11, 1988. The court also noted *Page 653 
in this correspondence that the appellant had no attorney of record in this case, and urged him to immediately retain counsel if he wished to be represented at trial. On May 16, 1988, the date on which his trial began, the appellant again appeared without an attorney, and renewed his request for court-appointed counsel,[1] which the court denied. The case then proceeded to trial, and the appellant conducted his own defense.
 "To ensure a valid waiver of counsel, the Supreme Court's decision in Faretta v. California, [422 U.S. 806, 835 [95 S.Ct. 2525, 2541, 45 L.Ed.2d 562] (1975),] requires the trial judge to inquire into the defendant's awareness of the disadvantages of self-representation. While the scope of this inquiry has not been precisely defined, the Third Circuit has held that a judge must advise a defendant in unequivocal terms of both the technical problems and the risks of self-representation. The judge's failure to address the accused personally may not be sufficient error to warrant a reversal, particularly if the trial record demonstrates a knowing and intelligent waiver.
 "A valid waiver of counsel need not be express. However, courts are hesitant to validate an implied waiver. Nevertheless, a court may infer a knowing and intelligent waiver if the defendant fails to retain counsel after repeated urging by the court or discharges counsel in midtrial after explicit warnings."
Project: Criminal Procedure, 76 Geo.L.J. 921, 928-930 (1988) (footnotes omitted) (emphasis supplied). See also 2 La Fave and Israel, Criminal Procedure, § 11.3(c) (1984), which suggests that, where a defendant has failed to obtain counsel despite the repeated advice of the court to do so, the defendant has "forfeited," and not "waived," his right to counsel.
In the case sub judice, the trial court initially delayed the appellant's arraignment so that he could hire an attorney to represent him. Again, approximately 90 days prior to the appellant's trial, the court by letter exhorted him to retain counsel. Moreover, the case action summary indicates that, when the case was called for trial and the appellant appeared again without counsel, the trial court advised him to retain counsel. Cf. Jenkins v. State, 482 So.2d 1315, 1317 (Ala.Cr.App. 1985) (wherein the only indication in the record of a valid waiver was two notations that the appellant elected to proceed without counsel and wherein there was no indication of any action by the trial court regarding this election). The appellant, however, apparently had no intention of spending his own money in the furtherance of his defense.[2]
 "[T]he right to assistance of counsel does not imply the absolute right to counsel of one's choice. A defendant's right to obtain counsel of his choice must be balanced against the need for the efficient and effective administration of criminal justice."
United States v. Weninger, 624 F.2d 163, 166 (10th Cir. 1980) (citations omitted), cert. denied, 449 U.S. 1012,101 S.Ct. 568, 66 L.Ed.2d 470 (1980).
 II.
The appellant also argues that the trial court erred by failing to instruct the jury as to the lesser included offense of assault in the third degree. Although he acknowledged that he did not request that such a charge be given, the appellant argues that the omission is excusable because he did not have legal counsel, and because he was not learned in the law.
It is axiomatic that, under Alabama law, review on appeal is limited to issues properly and timely raised at trial.Dixon v. State, 476 So.2d 1236, 1239 (Ala.Cr.App. *Page 654 
1985) (and cases cited therein). Because the appellant failed to raise this issue before the trial court, it was not preserved for our review. Robinson v. State, 441 So.2d 1045,1048 (Ala.Cr.App. 1983). Moreover, "a defendant who chooses to represent himself deserves no special treatment on appeal."Zeigler v. State, 432 So.2d 542, 543 (Ala.Cr.App. 1983) (citation omitted).
For the reasons stated above, the judgment of the trial court is correct and it is due to be affirmed.
AFFIRMED.
All Judges concur.
[1] The record contains an affidavit of indigency form completed by the appellant, which appears to indicate that he had an income, although he failed to specify the amount of income. SeeSwann v. City of Huntsville, 455 So.2d 944 (Ala.Cr.App. 1984).
[2] We note that the appellant does not challenge the propriety of the trial court's refusal to appoint counsel for him. Moreover, as there is no motion or order for appointment of appellate counsel contained in the record, the appellant was apparently able to retain counsel for the purpose of this appeal.