ON RETURN TO REMAND
On return to remand, the trial court appointed appellate counsel in accordance with our instructions, and counsel has filed a brief on behalf of appellant. Appellant also has filed a pro se brief. We will consider the contentions raised in both briefs in our review of the case.
Appellant first contends that he did not knowingly and intelligently waive his right to trial counsel. We do not agree. He insisted on representing himself at trial.
While an indigent defendant is constitutionally entitled to appointed counsel in criminal prosecutions, he can waive this right and represent himself. Gideon v. Wainwright,372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Westmoreland v. Cityof Hartselle, 500 So.2d 1327 (Ala.Cr.App. 1986); U.S. Const. Amends. 6, 14. In such a case, the state must prove that the accused has waived the right to counsel, if that is contended, and it must be shown that the waiver is clear and unequivocal.Westmoreland v. City of Hartselle. Once the right of self-representation is asserted, the record should show that the defendant is aware of the danger and disadvantages of trial without representation. Faretta v. California, 422 U.S. 806,95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); Raulerson v. Wainwright,732 F.2d 803 (11th Cir. 1984); Westmoreland v. City of Hartselle. In the instant case, appellant asserted a clear and unequivocal right to represent himself. The trial court adequately advised appellant of the dangers and disadvantages of self-representation and the possibility of severe penalties in case of conviction. We find no error here.
The remaining issues raised by appellant on appeal, i.e., that the evidence presented by the state was insufficient to support the judgments of conviction; that counsel was ineffective; that the prosecutor was guilty of misconduct by cross-examining appellant about his 10 prior felony convictions; that the trial court erred in failing to hold a hearing sua sponte to determine whether a potential jury venire person was biased; and that the trial court improperly applied the Alabama Habitual Felony Offender Act in sentencing appellant, are procedurally barred from appellate review because they were not raised in the trial court and are now raised for the *Page 1299 
first time on appeal. Review on appeal of non-capital criminal cases is limited to review of questions properly and timely raised at trial. Dixon v. State, 476 So.2d 1236 (Ala.Cr.App.), cert. denied, 476 So.2d 1236 (Ala. 1985). The right of self-representation does not exempt a party from compliance with the relevant rules of procedural law. Zeigler v. State,432 So.2d 542 (Ala.Cr.App. 1983).
For the above reasons, this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.
 *Page 252