On March 2, 1999, James Lorenzo King[1] was convicted of first-degree rape and *Page 1192 
first-degree sodomy, violations of §§ 13A-6-61 and 13A-6-63, Ala. Code 1975. The trial court sentenced him, as a habitual felony offender, to life without parole on both counts. See § 13A-5-9(c)(3), Ala. Code 1975. King appealed. The Court of Criminal Appeals remanded the case "to give the trial court an opportunity to clarify whether" it had complied with Rule 6.1, Ala.R.Crim.P. King v. State, 797 So.2d 1187,1191 (Ala.Crim.App. 1999). On March 24, 2000, on return to remand, the Court of Criminal Appeals affirmed King's convictions and sentences in an unpublished memorandum. On June 16, 2000, on application for rehearing, the Court of Criminal Appeals withdrew its unpublished memorandum of March 24, 2000 and substituted another unpublished memorandum. By that substituted memorandum, the Court of Criminal Appeals again affirmed King's convictions and sentences and also denied King's Rule 39(k), Ala.R.App.P., motion.
King petitioned this Court for certiorari review of the affirmance of his convictions and sentences by the Court of Criminal Appeals. We granted certiorari review to determine whether the trial court denied King his right to counsel by refusing King's express reassertion of his right to counsel after the trial court had previously granted King's motion to waive counsel and to represent himself. We hold that the trial court did err in this regard and that the Court of Criminal Appeals erred in affirming King's convictions.
The record reveals the following exchange, which occurred before the trial commenced:
 "[King]: Well, let me ask you this at this time: Suppose I was just to give up my rights to be my counsel and request counsel?
 "THE COURT: Well, I'm not going to do that now, because we're at the point of the trial [when] we've gone to go get jurors. And I'm not going to let you get a continuance by doing that now. I've been through that before, and I know how that works. You have elected to try your case yourself. That decision was made a long time ago. You did it knowingly. And now we're going to go to trial.
 "Now, I'm not going to — if you want to play games with the Court, then you can play them with the appellate courts and play your — if you've got tricks you want to play, you can play it on them. But we're going to go to trial on this. And I can let you take it up with the appellate courts. Maybe I can get one of them to come down there and try this case. But this case is going to be tried. We're going to start trying it today. We're going to strike a jury today.
 "You wanted to try the case yourself, so that's what we're doing. You had very competent attorneys to represent you. You didn't like them. You fired them. And now you are representing yourself. Apparently, you did a pretty good job because you got this case reversed by the Court of Criminal Appeals. So you've got their ear anyway.
 "[King]: Like I say, I have no problem with myself. I'm just wondering if the Court — has the Court purposefully designed it, because I want to — I'm going to defend myself in this matter.
"THE COURT: All right.
 "[King]: But I'm just wondering if this is what the Court is trying to get *Page 1193 
me to do, because it seems like I've just received no help throughout this."
(R. 21-22.) Later in the trial, during King's opening statement to the jury, the topic resurfaced:
 "[King]: Well, I know that the Judge cautioned me about this proceeding, but I would like to go on the record as saying here at this time before I convey to the jury what I expect the evidence to show — I labored with this some time last night. And at this time I want to go on record as saying that I want to assert my right to counsel.
 "THE COURT: Ladies and gentlemen, this is a matter that I took up with Mr. King some time ago. He has declined counsel. He has had counsel previously. He has terminated that counsel's representation. And now we are at the point where we're going to go forward with this trial. I told Mr. King about that yesterday. And I'm not going to put both parties at a disadvantage by now continuing this case. Mr. King has made this decision to go forward, and we're going to go forward at this time.
 "[King]: Okay. I just wanted to go on the record for that to assert my rights because of the prosecutor's unpredicted actions she did yesterday. When I showed up she severed the charge. I wanted my witness.
 "[Prosecutor]: Your Honor, I'm going to object to this. This is a time for opening statements. Mr. King was cautioned about this.
 "THE COURT: Go forward with what you expect the evidence to be, Mr. King.
"[King]: Okay. I'll go forward."
(R. 108-09.)[2] Thus, the record reveals the trial court's express rejection of the defendant's effort to withdraw his waiver of his right to counsel and to reassert his right to counsel.
Rule 6.1, Ala.R.Crim.P., provides, in pertinent part:
 "(a) Right to Counsel. A defendant shall be entitled to be represented by counsel in any criminal proceedings held pursuant to these rules and, if indigent, shall be entitled to have an attorney appointed to represent the defendant in all criminal proceedings in which representation by counsel is constitutionally required. . . .
 "(b) Waiver of Right to Counsel. A defendant may waive his or her right to counsel in writing or on the record, after the court has ascertained that the defendant knowingly, intelligently, and voluntarily desires to forgo that right. At the time of accepting a defendant's waiver of the right to counsel, the court shall inform the defendant that the waiver may be withdrawn and counsel appointed or retained at any stage of the proceedings. When a defendant waives the right to counsel, the court may appoint an attorney to advise the defendant during any stage of the proceedings. Such advisory counsel shall be given notice of all matters of which the defendant is notified.
". . . .
 "(c) Withdrawal of Waiver. A defendant may withdraw a waiver of the right to counsel at any time but will not be entitled to repeat any proceeding previously held or waived solely on the grounds of the subsequent appointment or retention of counsel." *Page 1194 
The Committee Comments to Rule 6.1 explain:
 "Section (c) allows a defendant to withdraw waiver of counsel at any time. The right to withdraw the waiver is unlimited, but the burden is upon the defendant to request counsel at a later proceeding after waiver has been made. Strickland v. State, 280 Ala. 31, 189 So.2d 771 (1965)."
The trial court deprived the defendant of his right to counsel as defined by Rule 6.1 and guaranteed by the federal and state constitutions respectively. Thus, the judgment is reversed and this case is remanded to the Court of Criminal Appeals for proceedings consistent with this opinion.
REVERSED AND REMANDED.
Moore, C.J., and Houston, Lyons, Harwood, and Woodall, JJ., concur.
See and Brown, JJ., concur specially.
Stuart, J., concurs in the result.
[1] This defendant's name was spelled "James Lorenza King" in the Court of Criminal Appeals. He filed his certiorari petition under the name "James Lorenzo King."
[2] Although the trial court may have been exasperated with King at this point in this long litigation, the trial court could have appointed standby counsel when the trial court granted King's motion to represent himself, as is recommended by Rule 6.1(b), Ala.R.Crim.P.