985 So.2d 495 (2007)
Gweneth Douglass POWERS
v.
STATE.
CR-05-0359.
Court of Criminal Appeals of Alabama.
April 27, 2007.
Rehearing Denied June 22, 2007.
Certiorari Denied November 9, 2007
Alabama Supreme Court 1061448.
John R. Benn, Sheffield, for appellant.
Troy King, atty. gen., and Beth Slate Poe, asst. atty. gen., for appellee.
WELCH, Judge.
Gweneth Douglass Powers was convicted of theft by deception, a violation of § 13A-8-3(a), Ala.Code 1975. The trial court sentenced Powers, who had one previous felony conviction, to 20 years and a day in prison. The trial court also ordered her to pay restitution in the amount of $2,865.08 and to pay a $50 assessment to the Alabama Crime Victims Compensation Commission.
Powers raises seven issues on appeal, but, as discussed below, we find the issue of whether the trial court erred in denying her request to withdraw her waiver of the right to counsel to be dispositive.
Powers waived her right to counsel at her arraignment, and she ably navigated her way through discovery, pretrial motions and jury selection. On the morning of trial, however, Powers moved to withdraw her waiver of counsel. A hearing was held on the matter, during which the Court said to Powers:
"Now, I have, for purposes of assistance today, I've asked Mr. McReynolds if he would come up. If you would like to have him just give you advice or something *496 along those lines, then you're welcome to do that. But with the jury in the jury room at this point and time, it's the determination of this Court that the purpose of this motion is, simply, to postpone these proceedings and in an effort to delay this particular process. So do you wish tohe is not prepared from the standpoint of the facts of this case."
(R. 203.) The Court further explained to Powers:
"[I]t is the determination of the Court that if a person is determined to be recalcitrantand it is my determination that you are being recalcitrant and this is an effort to delay the process. And so that motion [to withdraw waiver of counsel] is being denied with the offer of an attorney to assist you on legal matters. And my question to you is, do you wish to have him to assist you as far as answering various legal questions?"
(R. 204-205.)
Powers expressed her concern with having as advisory counsel someone unfamiliar with her case, and she requested a continuance. The trial court denied the request. Powers and the trial court then had the following exchange:
"POWERS: In what capacity did you say Mr. Reynolds [sic] would serve?
"THE COURT: Strictly advisory for legal issues only.
"POWERS: That will be fine. And in the event that I don't desire his assistance, I can retire his assistance at any time during these proceedings; is that correct?
"THE COURT: Yes, ma'am. It's strictly up to you if you want to ask him questions.
"POWERS: Only if I would like to ask him questions?
"THE COURT: Sure. He's not going to interject a word unless you ask him.
"POWERS: So what you're saying, he's on standby?
"THE COURT: He's sitting right there.
"POWERS: Okay. Well, I decline that offer, Your Honor.
"THE COURT: Okay. Then thank you, Mr. McReynolds. You're free to go. Okay. Go ahead and get the jury in and begin the process."
(R. 211-212.) The trial then began, with Powers representing herself throughout.
Rule 6.1(c), Ala. R.Crim. P., provides that "[a] defendant may withdraw a waiver of the right to counsel at any time but will not be entitled to repeat any proceeding previously held or waived solely on the grounds of the subsequent appointment or retention of counsel." The committee comments to Rule 6.1(c) say the rule allows a defendant to withdraw waiver of counsel "at any time," and that the right to withdraw the waiver is "unlimited." The rule does not include exceptions for cases in which the waiver of counsel appears to be withdrawn for dilatory or contumacious purposes.
The Alabama Supreme Court addressed the issue of the efficacy of a defendant's attempt to withdraw a waiver of counsel immediately before trial in Ex parte King, 797 So.2d 1191 (Ala.2001). In King, the defendant had waived his right to counsel until just before the trial was to begin. At that time, he attempted to withdraw his waiver of counsel. The trial court denied the defendant's request, saying:
"`I'm not going to do that now, because we're at the point of the trial [when] we've gone to get the jurors. And I'm not going to let you get a continuance by doing that now. I've been through that before and I know how that works. You have elected to try your case yourself. *497 That decision was made a long time ago. You did it knowingly. And now we're going to go to trial.'"
King, 797 So.2d at 1192 (emphasis in original).
This Court affirmed the trial court's decision to go forward with the trial without allowing the defendant to have counsel. The Alabama Supreme Court reversed this Court's judgment, however, holding that the trial court had deprived the defendant of his right to counsel as required by the federal and state constitutions and Rule 6.1(a), Ala. R.Crim. P. ("A defendant shall be entitled to be represented by counsel in any criminal proceedings held pursuant to these rules and, if indigent, shall be entitled to have an attorney appointed to represent the defendant in all criminal proceedings in which representation by counsel is constitutionally required."). See also Williams v. State, 958 So.2d 911 (Ala.Crim.App.2006) (new trial required for defendant who fired counsel on day of trial and requested new counsel and a continuance, both of which were denied and defendant was made to represent himself).
In King, the Supreme Court included a footnote stating: "Although the trial court may have been exasperated with King at this point in this long litigation, the trial court could have appointed standby counsel when the trial court granted King's motion to represent himself, as is recommended by Rule 6.1(b), Ala. R.Crim. P." 797 So.2d at 1193, n. 2.
In this case, the trial court attempted to appoint advisory counsel to aid Powers in her defense at trial, but Powers declined to accept the appointment on the grounds that the attorney knew nothing about her case. The trial court denied her motion for a continuance to give her time to obtain an attorney, dismissed the standby attorney and proceeded with the trial.
We empathize with the trial court's frustration with Powers's apparent attempt to manipulate the proceedings below. Nonetheless, precedent dictates that, even withdrawing her waiver for counsel at the eleventh hour, Powers was entitled to have counsel represent her at trial.
Powers's decision to decline standby counsel on the ground counsel knew nothing of her case cannot change the outcome. Powers's refusal to accept standby counsel is analogous to the situation addressed by this Court in Cobble v. State, 710 So.2d 539 (Ala.Crim.App.1998). In Cobble, about two and one-half weeks before trial, the defendant said he was dissatisfied with his appointed counsel and asked that another attorney be appointed to represent him at trial. His attorney at that time also asked to withdraw from the case. The trial court granted the attorney's request, but it denied the defendant's request to have another attorney appointed to represent him. Instead, the trial court asked the first appointed attorney to remain in the case as standby counsel to assist the defendant at trial.
The day of the trial, the defendant asked for a continuance so that he could retain counsel. The trial court denied his request, finding that the defendant had "intentionally engaged in tactics regarding legal representation for the purpose of delaying a final disposition of this case." Cobble, 710 So.2d at 540. The defendant then entered a guilty plea.
On appeal, this Court reversed the conviction based upon the defendant's guilty plea, saying: "Although we do not necessarily disagree with the trial court's findings that the appellant was engaging in dilatory tactics by making unwarranted accusations against his trial counsel, we cannot uphold the trial court's peremptory ruling that the appellant, as a result of *498 these actions, knowingly waived his right to trial counsel." Cobble, 710 So.2d at 542. Rather than forcing the defendant to represent himself, this Court said, it should have done one of four things:
"(1) denied the attorney's motion to withdraw; (2) appointed a new attorney to represent the defendant at trial; (3) granted the defendant's request for a continuance to allow him to retain counsel; or (4) determined whether the defendant wanted to represent himself and, if so, engaged the defendant in a colloquy to determine whether he understood all of the implications involved in self-representation."
Cobble, 710 So.2d at 542 and the cases cited therein. This Court went on to note, however, that "`"[T]he right to assistance of counsel does not imply the absolute right to obtain counsel of one's choice. A defendant's right to obtain counsel of his choice must be balanced against the need for the efficient and effective administration of criminal justice."'" Cobble, 710 So.2d at 542 (quoting Wheeler v. State, 553 So.2d 652, 653 (Ala.Crim.App. 1989), quoting in turn, United States v. Weninger, 624 F.2d 163, 166 (10th Cir.1980)).
Here, once Powers withdrew her waiver of counsel, she was entitled to have an attorney to represent her from that point forward. In accordance with the options set forth in Cobble, therefore, the trial court was then required to appoint an attorney to represent Powers at trial, grant her request for a continuance to allow her to retain counsel, or, at a minimum, require standby counsel to assist Powers at trial, regardless of Powers's wishes.
Powers was deprived of her right to representation by counsel at trial. Thus, her conviction and sentence must be reversed and this cause remanded for a new trial or other proceedings consistent with this opinion.
REVERSED AND REMANDED.
McMILLAN and SHAW, JJ., concur; BASCHAB, P.J., concurs in the result, with opinion; WISE, J., concurs in the result.
BASCHAB, Presiding Judge, concurring in the result.
I agree with the majority's conclusion that the appellant was deprived of her right to representation by counsel at trial. I also note that Rule 6.1(b), Ala. R.Crim. P., provides, in pertinent part:
"A defendant may waive his or her right to counsel in writing or on the record, after the court has ascertained that the defendant knowingly, intelligently, and voluntarily desires to forgo that right. At the time of accepting a defendant's waiver of the right to counsel, the court shall inform the defendant that the waiver may be withdrawn and counsel appointed or retained at any stage of the proceedings."
(Emphasis added.) Also, the Committee Comments to Rule 6.1 state: "The court is required to inform the defendant that the waiver may be withdrawn since under section (c) the defendant has the burden of requesting counsel if he later decides to withdraw the waiver." The record does not show that the trial court advised the appellant that she had the right to withdraw any waiver of the right to counsel at any time during the proceedings. Therefore, I agree that we must reverse the appellant's conviction and remand this case for a new trial. See Farid v. State, 720 So.2d 998 (Ala.Crim.App.1998); Hairgrove v. State, 680 So.2d 946 (Ala.Crim.App. *499 1995). On remand, should the appellant, whether indigent or nonindigent, waive her right to be represented by counsel, the trial court should comply with the requirements of Faretta and Rule 6.1(b), Ala. R.Crim. P.