WELCH, Judge.
 

 Gweneth Powers and Anthony Powers (“the Powerses”) appeal from the circuit court’s summary denial of their Rule 32, Ala. R.Crim. P., petition. The petition challenged their December 6, 2005, convictions for first-degree theft of property and their sentence of 25 years’ imprisonment. The Powerses had waived representation by counsel and had represented themselves at trial. This Court affirmed the convictions and sentences on direct appeal.
 
 Powers v. State,
 
 963 So.2d 679 (Ala.Crim.App.2006). The certificate of judgment was issued on February 9, 2007. The Rule 32 petition was timely filed on February 8, 2008.
 

 In their Rule 32 petition the Powerses claimed, as a constitutional defect, that counsel representing them on direct appeal was ineffective for failing to present two claims on appeal: 1) that the trial court’s failure to inform the Powerses of their right, under Rule 6.1, Ala. R.Crim. P., to withdraw their waiver of the right to counsel deprived them of the right to counsel and was thus reversible error; and 2) that the trial court’s apparent denial of the Powerses’ request to withdraw their waiver of the right to counsel was reversible error.
 

 The State filed a response to the Pow-erses’ Rule 32 petition, addressing the Powerses’ claims on the merits. In support of its response, the State attached the affidavit of Collins Pettaway, Jr., the Pow-erses’ appellate counsel. Pettaway asserted in his affidavit that he had been aware of the issues now complained of but that he had made a tactical decision to forgo a challenge based on these issues and, instead, to present what he perceived to be stronger issues for appellate review. On April 11, 2008, the circuit court issued an order in which it “denied” the petition without explanation. (CR.37.)
 

 The Powerses claim on appeal that the circuit court erred because it did not make findings of fact before denying the petition. We note from the onset that because the Powerses asked the trial court to allow them to withdraw their waiver of counsel, they were obviously aware of the right to do so. Therefore, their first claim — that they were denied their right to counsel — is completely without merit and it would be both a waste of judicial resources and an exercise in form over substance to further consider the claim.
 

 The second claim — that the trial court committed reversible error in not allowing them to withdraw their waiver of the right to counsel — presents both a substantive jurisdictional claim and an ineffective-assistance-of-counsel claim.
 

 “ ‘In
 
 Faretta v. California,
 
 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the Supreme Court held that a defendant has a Sixth Amendment right to represent himself in a crimi
 
 *766
 
 nal case. In order to conduct his own defense, the defendant must “knowingly” and “intelligently” waive his right to counsel, because in representing himself he is relinquishing many of the benefits associated with the right to counsel.
 
 Faretta,
 
 422 U.S. at 835, 95 S.Ct. at 2541. The defendant “should be made aware of the dangers and disadvantages of self-representation, so
 
 that the record will establish that ‘he knows what he is doing and his choice is made with eyes open.’ ” Faretta,
 
 422 U.S. at 886, 95 S.Ct. at 2541 (other citations omitted).’
 

 “Tomlin v. State,
 
 601 So.2d 124, 128 (Ala.), aff'd. on return to remand, 601 So.2d 130 (Ala.Cr.App.1991). In Rule 6.1(b), Ala.R.Crim.P., the Alabama Supreme Court added to the protection afforded a criminal defendant under
 
 Faretta,
 
 by further requiring that the trial court inform every defendant who waives his or her right to counsel that
 
 the defendant may withdraw this waiver and demand counsel at any stage in the proceedings.
 
 Rule 6.1(b), Ala.R.Crim.P., provides, in pertinent part, as follows:
 

 “
 
 ‘(bWaiver of right to counsel.
 
 A defendant may waive his or her right to counsel in writing or on the record, after the court has ascertained that the defendant knowingly, intelligently, and voluntarily desires to forgo that right. At the time of accepting a defendant’s waiver of the right to counsel,
 
 the court shall inform the defendant that the waiver may be withdrawn and counsel appointed or retained at any stage of the proceedings
 
 .... ’
 

 “(Emphasis supplied.) Further, the Committee Comments to Rule 6.1(b), Ala.R.Crim.P., state, ‘The court is required to inform the defendant that the waiver may be withdrawn since under section (c)
 
 the defendant has the burden of requesting counsel if he later decides to withdraw the waiver.’ ”
 

 Farid v. State,
 
 720 So.2d 998, 999 (Ala.Crim.App.1998)(emphasis added other than as indicated).
 

 The direct appeal record does not disclose what, if any, information that the Powerses received regarding self-representation. The record from the direct appeal contains only the following regarding self-representation:
 
 [1]
 

 “[THE COURT:] [T]he Court also wants to know are y’all — Is it your intention to request this Court to provide you with a court-appointed attorney?
 

 “MR. POWERS: No, sir, your Honor. What we would like to request is that the Court during the arraignment did not inform the Defendants that they had a right to withdraw the waiver.
 

 “THE COURT: Sir, I am asking you a question. Are you asking this Court for an attorney?
 

 “MR. POWERS: No, sir. We didn’t ask for an attorney.
 

 “THE COURT: Are you, Ms. Powers?
 

 “MR. POWERS:
 
 We asked you to allow us to withdraw the waiver.
 

 “THE COURT: I have asked you every time y’all have been before this bench if you wanted an attorney or are you representing yourselves. Now, I am asking you this right now. Do you wish for this Court to appoint you an attorney? Mr. Powers, do you wish for this Court to appoint you an attorney?
 

 
 *767
 
 “MR. POWERS:
 
 Sir, what I would like to do is is
 
 that—
 

 “THE COURT: Do you wish for this Court to appoint you an attorney? I am asking you, Mr. Powers.
 
 That is a ‘yes’ or ‘no’ answer. That’s all I am asking you.
 
 Are you asking this Court to appoint you an attorney?
 

 “MR. POWERS: No, sir.
 

 “THE COURT: Ms. Powers, are you asking this Court to appoint you an attorney?
 

 “MS. POWERS: No, your Honor. I am not asking that the Court appoint an attorney.”
 

 (Record on direct appeal, at 10-11.)
 

 “THE COURT: Let the record reflect we are outside the presence of the jury, still working on
 
 State v. Powers
 
 .... The Court would note for the record that during these proceedings and the proceedings when their case was set before the previous indictment was dismissed, that the Powers did, in fact, Mr. Powers did, in fact, have a court-appointed attorney.[
 
 2
 
 ] And he fired him.”
 

 (Record on direct appeal, at 14.)
 

 “COURT: I understand you are not an attorney. I have repeatedly and have asked you again today if you wanted an attorney. You have repeatedly told me no.”
 

 (Record on direct appeal, at 31.)
 

 Powers v. State,
 
 985 So.2d 495 (Ala.Crim.App.2007)(“Powers
 
 I”),
 
 controls the instant case. In
 
 Powers I,
 
 Gweneth Powers (“Gweneth”), the same Gweneth Powers who is an appellant here, appealed a separate conviction for first-degree theft by deception. In that case, on the morning of trial, Gweneth “moved to withdraw her waiver of counsel” and requested a continuance in order to retain counsel and to allow counsel time to prepare for trial.
 
 Powers I,
 
 985 So.2d at 495. The trial court determined that Gweneth was “being recalcitrant” to “delay the process.”
 
 Powers I,
 
 985 So.2d at 496. The trial court denied the continuance but offered to provide Gweneth with “standby” counsel— counsel that would not “interject a word unless you ask him.”
 
 Powers I,
 
 985 So.2d at 496. Gweneth refused standby counsel because she did not want counsel who was unfamiliar with her case. Gweneth represented herself and was convicted.
 

 On appeal, this Court stated:
 

 “Rule 6.1(c), Ala. R.Crim. P., provides that ‘[a] defendant may withdraw a waiver of the right to counsel at any time but will not be entitled to repeat any proceeding previously held or waived solely on the grounds of the subsequent appointment or retention of counsel.’ The committee comments to Rule 6.1(c) say the rule allows a defendant to withdraw waiver of counsel ‘at any time,’ and that the right to withdraw the waiver is ‘unlimited.’ The rule does not include exceptions for cases in which the waiver of counsel appears to be withdrawn for dilatory or contumacious purposes.”
 

 Powers I,
 
 985 So.2d at 496. We continued, “precedent dictates that, even withdrawing her waiver for counsel at the eleventh hour, [Gweneth] was entitled to have counsel represent her at trial.”
 
 Powers I,
 
 985 So.2d at 497, citing
 
 Ex parte King,
 
 797 So.2d 1191 (Ala.2001).
 

 
 *768
 
 “[0]nce [Gweneth] withdrew her waiver of counsel, she was entitled to have an attorney to represent her from that point forward. In accordance with the options set forth in
 
 Cobble [v. State,
 
 710 So.2d 539 (Ala.Crim.App.1998)], therefore, the trial court was then required to appoint an attorney to represent [Gwen-eth] at trial, grant her request for a continuance to allow her to retain counsel, or,
 
 at a minimum, require standby counsel to assist [Gweneth] at trial, regardless of [Gweneth’s] wishes.”
 

 Powers I,
 
 985 So.2d at 498. (Emphasis added.) We concluded that “[Gweneth] was deprived of her right to representation by counsel at trial,” and we reversed her conviction and sentence.
 
 Powers I,
 
 985 So.2d at 498.
 

 Here, the record on direct appeal of the convictions in this case discloses that the Powerses asked to withdraw their waiver of the right to counsel. Once the Powerses withdrew their waiver, they were “entitled to have an attorney to represent [them] from that point forward.”
 
 Powers I,
 
 985 So.2d at 498. The Powerses declined the trial court’s offer to appoint them counsel — option one under
 
 Cobble v. State,
 
 710 So.2d 589 (Ala.Crim.App.1998).
 
 [3]
 
 The trial court refused to hear how the Powerses wished to proceed.
 

 “MR. POWERS: Sir, what I would like to do is is that—
 

 “THE COURT: Do you wish for this Court to appoint you an attorney? I am asking you, Mr. Powers. That is a ‘yes’ or ‘no’ answer. That’s all I am asking you. Are you asking this Court to appoint you an attorney?
 

 “MR. POWERS: No, sir.”
 

 (Record on direct appeal, at 11.) What the Powerses desired is unclear. However, it is clear that the trial court did not consider option two under
 
 Cobble
 
 — a continuance— or option three — appointment of standby counsel. This Court made clear in
 
 Powers I
 
 that, “at a minimum,” standby counsel should have been provided once the Pow-erses stated that they wished to withdraw their waiver of counsel.
 
 Powers I,
 
 985 So.2d at 498.
 

 “ ‘Unless a defendant has or waives assistance of counsel, the Sixth Amendment is a jurisdictional bar to a valid conviction and sentence.’ ”
 
 Ducker v. State,
 
 986 So.2d 1224, 1228 (Ala.Crim.App.2007) (quoting
 
 Casteel v. State,
 
 976 So.2d 505, 507 (Ala.Crim.App.2007), quoting in turn
 
 Berry v. State,
 
 630 So.2d 127, 129-30 (Ala.Crim.App.1993));
 
 Thomas v. State,
 
 8 So.3d 1018 (Ala.Crim.App.2008) (denial of counsel is a jurisdictional impediment to a valid trial);
 
 Pratt v. State,
 
 851 So.2d 142, 144 (Ala.Crim.App.2002)(“ ‘The constitutional “right to counsel, or waiver thereof, is an essential jurisdictional prerequisite to the authority to convict an accused .... ” ’ ”). Because we may notice a jurisdictional defect at any time, see
 
 Pilgrim v. State,
 
 963 So.2d 697 (Ala.Crim.App.2006), and
 
 Nunn v. Baker,
 
 518 So.2d 711 (Ala.1987), we may forgo the Powerses’ request for a remand to the circuit court for findings of fact and
 
 *769
 
 reverse the circuit court’s denial of the Powerses’ Rule 32 petition.
 

 Moreover, this claim also succeeds as an ineffective-assistance-of-counsel claim.
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), provides that counsel can be shown to be ineffective by showing that counsel’s performance was deficient and that prejudice resulted from counsel’s deficiencies. The standards for determining whether appellate counsel was ineffective are the same as those for determining whether trial counsel was ineffective.
 
 Ex parte Dunn,
 
 514 So.2d 1300, 1303 (Ala.1987). Here, appellate counsel’s failure to challenge a jurisdictional defect was deficient performance and per se prejudicial.
 
 See, Ash v. State,
 
 843 So.2d 213, 219 (Ala.2002)(“A jurisdictional defect defies analysis by a harmless-error standard and is per se ground for reversal, requiring no consideration of whether the defendant was prejudiced as a result of the error.”), overruled on other grounds,
 
 Ex parte Seymour,
 
 946 So.2d 536 (Ala.2006).
 

 The Powerses were deprived of their right to representation by counsel at trial. Thus, their conviction and sentence must be reversed and this cause remanded for a new trial or other proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 WINDOM and MAIN, JJ., concur.
 

 WISE, P.J., and KELLUM, J, concur in the result.
 

 [1]
 

 . This Court may take judicial notice of its own records.
 
 Hull v. State,
 
 607 So.2d 369, 371 (Ala.Crim.App.1992).
 

 [2]
 

 . Other than this comment, nothing in the record' on the direct appeal, case no. CR-05-0489, discloses that the Powerses were indigent. The trial court clerk’s notice of appeal reflects that the Powerses were not granted indigency status. See record on direct appeal at p. 247. Nevertheless, Rule 6.1, Ala. R.Crim. P., provides for the right to counsel, whether appointed or retained.
 

 [3]
 

 . It is unclear if the Powerses declined appointed counsel because they were not indigent and wished to retain counsel, or if they were engaging in dilatory tactics. However, given the couple's criminal history and experience in the judicial
 
 system, it
 
 is probable that they were engaging in dilatory tactics. The protection of the right to counsel and the necessity of thwarting dilatory tactics is achieved when standby counsel is appointed — regardless if a defendant wants standby counsel.
 

 With "hybrid” representation, the defendant and counsel are both active in presenting the defense. "Standby” counsel is present to aid a defendant who is presenting his defense pro se. See
 
 Upshaw v. State,
 
 992 So.2d 57 (Ala.Crim.App.2007).