JOINER, Judge,
dissenting.
John Swain appeals his conviction for sexual abuse of a child less than 12 years old, see § 13A-6-69.1, Ala.Code 1975, and his resulting sentence of 15 years’ imprisonment.[1]
On appeal, Swain argues, in part, that the circuit court “erred by denying [him] his Sixth Amendment constitutional right to counsel” (Swain’s brief, p. 2), because, he says, although he
“is cognizant that he might have waived his right to counsel[,] ... his actions and the record do not support such a contention and any perceived waiver was certainly not knowing, intelligent[,] and voluntary.” [2]
(Swain’s brief, pp. 8-9.) To support his argument, Swain relies on Rule 6.1(b), Ala. R.Crim. P., which requires, in part, that “[a]t the time of accepting a defendant’s *944 waiver of the right to counsel, the court shall inform the defendant that the waiver may be withdrawn and counsel appointed or retained at any stage of the proceedings”; he also relies on Tomlin v. State, 601 So.2d 124 (Ala.1991). The State, on the other hand, contends that Swain’s waiver-of-counsel claim was “never raised below and [is] therefore not preserved for appellate review.”[3] (State’s brief, p. 9.)
Initially, I note that our caselaw appears to be in conflict with regard to the preservation of waiver-of-counsel claims. Specifically, this Court has held:
“Certainly, the provisions of Rule 6.1(b) are mandatory, and, if a defendant properly preserves and presents an argument on appeal that the trial court faltered in its application of the mandatory provisions of Rule 6.1(b), he is entitled to relief. See, e.g., Ex parte King, 797 So.2d 1191 (Ala.2001).”
Coughlin v. State, 842 So.2d 30, 34 (Ala.Crim.App.2002) (emphasis added).
This Court, on the other hand, in addressing a defendant’s waiver of the right to counsel, has held that the “issue— whether [a defendant] was deprived of liberty and property in violation of his Sixth Amendment right to counsel — is jurisdictional and, thus, can be raised at any time.” Woodruff v. City of Pelham, 1 So.3d 157, 159 (Ala.Crim.App.2008). In Woodruff, this Court explained:
“ ‘ “A defendant’s decision to represent himself necessarily involves the waiver of his right to counsel. See Fitzpatrick v. Wainwright, 800 F.2d 1057, 1064 (1986). In Pratt v. State, 851 So.2d 142, 144-45 (Ala.Crim.App.2002), this Court pointed out:
“ ““ “The constitutional ‘right to counsel, or waiver thereof, is an essential jurisdictional prerequisite to the authority to convict an ac-cusedf, and cjonviction without this safeguard is void.’ People v. Carroll, 140 Cal.App.3d 135, 140, 189 Cal.Rptr. 327, 331 (Cal.App. 2 Dist.), cert. denied, 464 U.S. 820 (1983) (citing Johnson v. Zerbst[, 304 U.S. 458 (1938)]). Unless a defendant has or waives assistance of counsel, the Sixth Amendment is a jurisdictional bar to a valid conviction and sentence. Johnson v. Zerbst; Stokes v. Singletary, 952 F.2d 1567 (11th Cir.1992); Boruff v. United States, 310 F.2d 918 (5th Cir.1962). See also Lancaster v. State, [638 So.2d 1370, 1373] (Ala.Crim.App.1993) (‘the appellant’s ... right to have counsel appointed on appeal [is a] jurisdictional matter[ ]’); Lake v. City of Birmingham, 390 So.2d 36, 38 (Ala.Crim.App.1980) (a record failing to reveal any of the circumstances surrounding the appellant’s self-representation ‘will not support the trial court’s judgment wherein the appellant was sentenced to a loss of liberty’).”
*945 “1 “ ‘Berry v. State, 630 So.2d 127, 130 (Ala.Crim.App.1993) (footnote omitted). See also Custis v. United States, 511 U.S. 485, 494 (1994) (“ ‘If the accused ... is not represented by counsel and has not competently and intelligently waived his constitutional right, the Sixth Amendment stands as a jurisdictional bar to a valid conviction and sentence depriving him of his life or his liberty.... The judgment of conviction pronounced by a court without jurisdiction is void, and one imprisoned thereunder may obtain release by habeas corpus.’ ” (quoting Johnson v. Zerbst, 304 U.S. 458 (1938))); Weakley v. State, 721 So.2d 235, 236 (Ala.1998) (holding that the right to counsel at arraignment is a jurisdictional matter).’
‘““Thus it is the lack of counsel, coupled with the absence of a knowing and intelligent waiver thereof, that acts to deny the defendant counsel and to jurisdictionally bar his prosecution.
“ ‘ “ ‘The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused — whose life or liberty is at stake — is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record.’
“ ‘ “Johnson v. Zerbst, 304 U.S. 458, 465 (1938).” ’
“Baker v. State, 933 So.2d 406, 408-09 (Ala.Crim.App.2005).”
Woodruff, 1 So.3d at 159-60 (emphasis added).
In my opinion, Woodruff correctly holds that waiver-of-counsel claims are jurisdictional and may be raised for the first time on appeal; this Court should recognize that, to the extent Coughlin holds otherwise, Coughlin has implicitly been overruled. Thus, although Swain did not first raise this issue in the circuit court, Swain’s waiver-of-counsel claim is jurisdictional and may be raised for the first time on appeal. Accordingly, I now turn to the merits of Swain’s waiver-of-counsel claim.
Swain, in his brief on appeal, argues that he did not knowingly, intelligently, and voluntarily waive his right to counsel and also argues, in part, that “there is certainly no evidence that the [circuit] court advised [him] that if he had waived his right to counsel he could withdraw that waiver.” (Swain’s brief, p. 12.)
“Rule 6.1(b), Ala. R.Crim. P., provides a framework to ensure that a defendant’s waiver of counsel is knowing and intelligent.” Woodruff, 1 So.3d at 160. That rule provides, in part:
“A defendant may waive his or her right to counsel in writing or on the record, after the court has ascertained that the defendant knowingly, intelligently, and voluntarily desires to forgo that right. At the time of accepting a defendant’s waiver of the right to counsel, the court shall inform the defendant that the waiver may be withdrawn and counsel appointed or retained at any stage of the proceedings. When a defendant waives the right to counsel, the court may appoint an attorney to advise *946 the defendant during any stage of the proceedings. Such advisory counsel shall be given notice of all matters of which the defendant is notified.”
Additionally, this Court has explained:
“A defendant’s right to self-representation is guaranteed by the Sixth Amendment. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). In Faretta, the Supreme Court held as follows:
“ ‘When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must “knowingly and intelligently” forgo those relinquished benefits. Johnson v. Zerbst, 304 U.S. [458], 464-465, 58 S.Ct. [1019], 1023, [82 L.Ed. 1461, 1466 (1938) ]. Cf. Von Moltke v. Gillies, 332 U.S. 708, 723-724, 68 S.Ct. 316, 323, 92 L.Ed. 309 [ (1948) ] (plurality opinion of Black, J.). Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that “he knows what he is doing and his choice is made with eyes open.” Adams v. United States ex rel. McCann, 317 U.S. [269], 279, 63 S.Ct. [236], 242, [87 L.Ed. 268, 275 (1942) ].’
“Id., at 835, 95 S.Ct. at 2541, 45 L.Ed.2d at 581-582. Rule 6.1(b), Ala. R.Crim. P., echoes the above requirements for a valid waiver, and adds that ‘[a]t the time of accepting a defendant’s waiver of the right to counsel, the court shall inform the defendant that the waiver may be withdrawn and counsel appointed or retained at any stage of the proceedings.’ (Emphasis added.) See also Rule 6.1(c), Ala. R.Crim. P.”
Hairgrove v. State, 680 So.2d 946 (Ala.Crim.App.1995), cert. denied, 680 So.2d 947 (Ala.1996). Thus, compliance with Rule 6.1(b) requires (1) that the defendant waive his or her right to counsel either in writing or on the record; (2) that the circuit court determine that the defendant is, in fact, relinquishing that right “knowingly, intelligently, and voluntarily”; and (3) that after accepting the defendant’s waiver, the circuit court “shall inform the defendant that the waiver may be withdrawn and counsel appointed or retained at any stage of the proceedings.” Rule 6.1(b), Ala. R.Crim. P. (emphasis added).
Regardless of the mandatory language of Rule 6.1,
“the Supreme Court[, in Faretta v. California, 422 U.S. 806 (1975),] does not require a specific colloquy between the trial judge and the defendant. ‘The case law reflects that, while a waiver hearing expressly addressing the disadvantage of a pro se defense is much to be preferred, it is not absolutely necessary. The ultimate test is not the trial court’s express advice but rather the defendant’s understanding.’ Fitzpatrick v. Wainwright, 800 F.2d 1057 (11th Cir.1986) (citations omitted). In each case the court needs to look to the particular facts and circumstances involved, ‘including the background, experience, and conduct of the accused.’ Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938).
“This court looks to a totality of the circumstances involved in determining whether the defendant knowingly and intelligently waived his right to counsel. Jenkins v. State, 482 So.2d 1315 (Ala.Cr.App.1985); King v. State, 55 Ala.App. *947 306, 314 So.2d 908 (Ala.Cr.App.1975), cert. denied; Ex parte King, 294 Ala. 762, 314 So.2d 912 (1975).
“The Court of Criminal Appeals looked to factors set out in Fitzpatrick, 800 F.2d 1057, to determine if the waiver in this case was made knowingly and intelligently. Although the Court of Criminal Appeals found Tomlin’s waiver invalid, we realize that the entire record was not before that court. That court relied upon the following factors:
“ ‘(1) whether the colloquy between the court and the defendant consisted merely of pro forma answers to pro forma questions, United States v. Gillings, 568 F.2d 1307, 1309 (9th Cir.), cert. denied, 436 U.S. 919, 98 S.Ct. 2267, 56 L.Ed.2d 760 (1978); (2) whether the defendant understood that he would be required to comply with the rules of procedure at trial, Faretta [v. California, 422 U.S.] at 835-36, 95 S.Ct. at 2541-42; Maynard v. Meachum, 545 F.2d 273, 279 (1st Cir.197[6]); (3) whether the defendant had had previous involvement in criminal trials, United States v. Hafen, 726 F.2d 21, 25 (1st Cir.), cert. denied, 466 U.S. 962, 104 S.Ct. 2179, 80 L.Ed.2d 561 (1984); (4) whether the defendant had knowledge of possible defenses that he might raise, Maynard, supra; (5) whether the defendant was represented by counsel before trial, Hafen, supra; and (6) whether ‘stand-by counsel’ was appointed to assist the defendant with his pro se defense, see Faretta, supra, at 834 n. 46, 95 S.Ct. at 2540-41 n. 46; Hance v. Zant, 696 F.2d 940, 950 n. 6 (11th Cir.), cert. denied, 463 U.S. 1210, 103 S.Ct. 3544, 77 L.Ed.2d 1393 (1983), overruled on other grounds, Brooks v. Kemp, 762 F.2d 1383 (11th Cir.1985).’
“601 So.2d 120.”
Tomlin v. State, 601 So.2d at 129.
Here, Swain clearly and unequivocally understood that he had a right to counsel, that the circuit court would appoint him counsel if he could not afford counsel,[4] that it would be advantageous for him to have counsel, and that he would be relinquishing certain postconviction remedies if he represented himself — i.e., a claim of ineffective assistance of counsel.[5] Swain, after being advised by the circuit court of the above-mentioned risks of self-representation, chose to exercise his constitutional right to self-representation.
The record, however, also clearly and unequivocally demonstrates that the circuit court, after accepting Swain’s waiver, failed to advise Swain that his “waiver may be withdrawn and counsel appointed or retained at any stage of the proceedings.” Rule 6.1(b), Ala. R.Crim. P.
I recognize that this Court may, under the totality-of-the-circumstances test, conclude that a defendant is, in fact, aware of his or her right to withdraw the waiver of counsel at any time — if the record allows such an conclusion — regardless of whether the circuit court actually advised the defendant of his or her right to withdraw the waiver. See, e.g., Powers v. State, 38 So.3d *948 764, 765 (Ala.Crim.App.2009) (“We note from the onset that because the Powerses asked the trial court to allow them to withdraw their waiver of counsel, they were obviously aware of the right to do so.” (emphasis added)); see also Hairgrove v. State, 680 So.2d at 947 (“Nowhere in the record does it indicate that Hairgrove was told that he could withdraw his waiver of his right to counsel, and nothing in the record indicates that he was, in fact, aware that he could do so.” (emphasis added)). The record in this case, however, does not demonstrate that Swain was “obviously aware” of his right to withdraw his waiver of counsel.
This Court, in its unpublished memorandum affirming the circuit court’s judgment, although recognizing that the circuit court failed to advise Swain that his “waiver may be withdrawn and counsel appointed or retained at any stage of the proceedings,” concludes that the circuit court’s failure to advise Swain is not reversible error because, as the majority explains,
“Swain was aware of his right to withdraw his waiver. See Powers v. State, 38 So.3d 764, 765 (Ala.Crim.App.2009) (‘We note from the onset that because the Powerses asked the trial court to allow them to withdraw their waiver of counsel, they were obviously aware of the right to do so.’).”
(Emphasis added.)
Although the majority relies on Powers v. State, 38 So.3d at 765, to support its “awareness” position, Powers is distinguishable. In Powers v. State, 38 So.3d 764, 765 (Ala.Crim.App.2009), this Court concluded that, although the Powerses contended that the circuit court had failed to advise them of their right to withdraw their waiver of counsel, “they were obviously aware of the right to do so.” The record in Powers, demonstrated:
“In [Powers v. State, 985 So.2d 495 (Ala.Crim.App.2007) (‘Powers I’) ], Gweneth Powers (‘Gweneth’), the same Gweneth Powers who is an appellant here, appealed a separate conviction for first-degree theft by deception. In that case, on the morning of trial, Gweneth ‘moved to withdraw her waiver of counsel’ and requested a continuance in order to retain counsel and to allow counsel time to prepare for trial. Powers I, 985 So.2d at 495. The trial court determined that Gweneth was ‘being recalcitrant’ to ‘delay the process.’ Powers I, 985 So.2d at 496. The trial court denied the continuance but offered to provide Gweneth with ‘standby’ counsel — counsel that would not ‘interject a word unless you ask him.’ Powers I, 985 So.2d at 496. Gweneth refused standby counsel because she did not want counsel who was unfamiliar with her case. Gweneth represented herself and was convicted.”
Additionally, this Court noted in Powers that “[i]t is unclear if the Powerses declined appointed counsel because they were not indigent and wished to retain counsel, or if they were engaging in dilatory tactics. However, given the couple’s criminal history and experience in the judicial system, it is probable that they were engaging in dilatory tactics.” Id. at 768 n. 3. In other words, the Powerses “obvious awareness” appears to stem from their “experience with the criminal justice system” and because they specifically moved the circuit court to withdraw their waiver of counsel before trial.
Here, unlike in Powers, it is not evident that Swain had significant experience with the criminal justice system, and he did not specifically move the circuit court to withdraw his waiver of counsel before trial. Although Swain’s presentence investigation report indicates that he had prior arrests and convictions, the record does not demonstrate that Swain had any signif *949 icant experience with the criminal justice system — at least, not to the extent that it would confer upon him an obvious awareness of his right to withdraw his waiver of counsel. Additionally, the record establishes that after he was convicted but before he was sentenced, Swain filed a pro se motion entitled “Motion for Appointment of Counsel on Appeal,”[6] in which Swain requested appellate counsel and stated that he “only represented himself because ... appointed trial counsel ask[ed] for a payment of money to represent [him] which [he] didn’t have so appointed trial counsel [moved] to withdraw,” and that he has “no experience with the law to file an appeal brief properly to the Court of Criminal Appeal in the first place.” (C. 71.) Swain’s postconviction request for appellate counsel does not, in my view, convey an “obvious awareness” of his right to withdraw his waiver of counsel, and is, instead, simply a request for the circuit court to appoint an attorney to represent Swain on appeal, which, in my opinion, does not rise to the level of an awareness of the right to withdraw a waiver of counsel.
Because the record on appeal does not demonstrate that Swain was either advised or otherwise aware of his right to withdraw his waiver of counsel, I would reverse the circuit court’s judgment and remand this case for a new trial. See Woodruff, supra, Barber v. City of Birmingham, 970 So.2d 786 (Ala.Crim.App.2007), Williams v. State, 739 So.2d 549 (Ala.Crim.App.1999), Farid v. State, 720 So.2d 998 (Ala.Crim.App.1998), and Hair-grove, supra. Accordingly, I respectfully dissent.

. Because my writing concerns only Swain's waiver-of-counsel claim, it is unnecessary to recount the facts underlying his conviction.

. Swain also argued on appeal that the evidence was insufficient to support his convic *944 tion because, he says, the State failed to prove that the offense occurred in Houston County. Because I conclude below, however, that the circuit court erred when it failed to advise Swain of his right to withdraw his waiver of counsel, it is unnecessary to address this claim.

. The State, in its brief on appeal, relies primarily on its argument that Swain's waiver-of-counsel claim was not preserved for appellate review. The State, however, in a one-paragraph footnote states that, "even if [Swain] would have properly preserved those issues, the State in no way concedes that his Constitutional Rights were violated.” (State’s brief, p. 9 n. 1.)

. Although Swain had originally retained counsel to represent him and his counsel represented him at his first trial — a trial that resulted in a hung jury — the circuit court clearly considered Swain to be indigent for his second trial and was willing to appoint counsel for Swain.

. I commend the circuit court for its colloquy with Swain concerning Swain’s right to waive his right to counsel because, as is evidenced by the record on return to remand, the circuit court struck a good balance between persuading Swain not to represent himself, explaining the dangers of self-representation, and allowing Swain to exercise his constitutional right to self-representation.

. The majority characterizes this pro se motion as a “motion withdrawing his waiver of counsel and asking that counsel be appointed.”