NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-916

DONALD HEATH COOPER

VERSUS

CRYSTAL LYNN ALCEDE COOPER

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2013-2746
HONORABLE ROBERT LANE WYATT, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks and
Elizabeth A. Pickett, Judges.

AFFIRMED.

Brad A. Guillory
The Law Office of Brad Guillory, L.L.C.
940 Ryan St.
Lake Charles, LA 70601
(337) 433-5297
COUNSEL FOR PLAINTIFF-APPELLANT
        Donald Heath Cooper

John Green, Jr.
AAA Legal Services, Inc.
1135 Hodges St.
Lake Charles, LA 70601
(337) 990-0060
COUNSEL FOR DEFENDANT-APPELLEE
        Crystal Lynn Alcede Cooper

**PICKETT, Judge.**

Donald Heath Cooper appeals the judgment of the trial court granting an involuntary dismissal of his personal injury suit against his former wife, Crystal Lynn Alcede Cooper.

## FACTS

Mr. Cooper and Ms. Cooper had an altercation at their home on June 13, 2012. At the time, they were married, but have since divorced. Mr. Cooper alleges that Ms. Cooper handed him her phone to show him a picture of their son while they were both lying in bed. He alleges that Ms. Cooper jumped out of the bed and began angrily demanding that he return her phone. When he refused, Ms. Cooper allegedly began grabbing and pulling his testicles and penis. Mr. Cooper claims that when Ms. Cooper battered his testicles, he sustained scrapes and permanent damage, including low testosterone and permanent scrotal pain.

Ms. Cooper alleges that Mr. Cooper grabbed the phone from her hands with enough force to pull her out of the bed. She claims that she pleaded for Mr. Cooper to return her phone to her, and he refused. She alleges that he put the phone in his pocket, and when she tried to remove it from his pocket she may have unintentionally come in contact with his testicles and penis. She testified that she never intentionally grabbed him.

Mr. Cooper filed a petition seeking damages from Ms. Cooper for physical and mental pain, loss of enjoyment of life, and medical expenses he sustained in the altercation. The matter proceeded to trial. Following the close of the Mr. Cooper's case, Ms. Cooper moved for an involuntary dismissal. The trial court granted the motion and dismissed Mr. Cooper's case. Mr. Cooper now appeals.

## ASSIGNMENTS OF ERROR

On appeal, Mr. Cooper asserts two assignments of error:

1.  The trial court committed manifest error by granting the involuntary dismissal motion and dismissing the plaintiff's Petition for Damages based upon a finding that the plaintiff "voluntarily participated" in or consented to a battery, while also determining that the plaintiff did not provoke the battery he suffered but may have contributed to his own battery during which he sustained the injuries for which he sought to recover damages.

2.  The trial court committed manifest error by not finding that the actions of the defendant were intentional, were the cause of the plaintiff's injuries, and not ordering the defendant to pay money damages to the plaintiff.

## DISCUSSION

The standard of review for a trial court's grant of an involuntary dismissal pursuant to La.Code Civ.P. art. 1672 was well enunciated by this court in *Mayes v. State of Louisiana*, 96-789, p. 4 (La.App. 3 Cir. 12/11/96), 985 So.2d 497, 500, *writ denied*, 97-113 (La. 3/7/97), 689 So.2d 1376:

> The trial court has much discretion in determining whether to grant a motion for involuntary dismissal. *Continental Ins. Co. v. Three Seasons Pest Control Co.*, 94–1094 (La.App. 3 Cir. 2/1/95); 649 So.2d 1220; *Mott v. Babin Motors, Inc.*, 451 So.2d 632 (La.App. 3 Cir.1984). In making a determination on a motion for involuntary dismissal, the trial court is not required to review the evidence in the light most favorable to the plaintiff. *Shafer v. State, Through DOTD*, 590 So.2d 639 (La.App. 3 Cir.1991). The judge is only required to weigh and evaluate all of the evidence presented up to that point and grant a dismissal if the plaintiff has failed to establish his claim by a preponderance of the evidence. *Liberto v. Rapides Parish Police Jury*, 95–456 (La.App. 3 Cir. 11/2/95); 667 So.2d 552. An involuntary dismissal authorized by La.Code Civ.P. art. 1672 should not be reversed in the absence of manifest error. *Marcotte v. Travelers Ins. Co.*, 258 La. 989, 249 So.2d 105 (La.1971); *Liberto*, 667 So.2d 552.

We find no manifest error in the trial court's determination that Mr. Cooper failed to prove an intentional battery. Mr. Cooper and Ms. Cooper gave very different versions of the altercation. There was evidence that Mr. Cooper's groin

2

area was injured, as the officers who responded to Mr. Cooper's 911 call testified he had blood on the front of his underwear. Still, after reviewing the testimony, we find the trial court could have reasonably concluded that Ms. Cooper's version of events was more credible.

Even if the trial court credited Mr. Cooper's claims that Ms. Cooper intentionally gibbled his penis and testicles, Mr. Cooper could have avoided the confrontation altogether by returning the phone to Ms. Cooper. She testified that all she was trying to do was retrieve her phone. During the four short 911 calls Mr. Cooper made, Ms. Cooper can be heard in the background screaming at least nine times for Mr. Cooper to return her phone. Mr. Cooper testified that he did not return the phone because he wanted to see what was on it. The trial court found Mr. Cooper, a long-time police officer, clearly could have de-escalated the situation and avoided injury if he would have returned the phone. We agree.

Mr. Cooper claims in brief that the phone was community property, and he has a right to retain possession of community property. This is a specious argument. The evidence clearly shows that the phone in question was used exclusively by Ms. Cooper.

## CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed to Mr. Cooper.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules−Courts of Appeal, Rule 2−16.3.

3